UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                          Civil No. 16-cv-534-LM
                                              Opinion No. 2017 DNH 057

Manchester Police Department;
Oak Brook Condominium Owners'
Association; Cheryl Vallee;
Perry Vallee; Patty Taylor;
Christos Arthur Klardie; Gerald
Dufresne; Dorothy Vachon; Betty
Mullen; Zenaida Rodriguez;
Warren Titus Mills; James
Anthony Mullen; William Quinn
Morey; Al Terry Plumbing and
Heating, Inc.; BMS CAT; Amica
Mutual Insurance Co.; and Justin
Boufford

**O R D E R**

In this action, pro se plaintiff Sanjeev Lath has sued 17 defendants in 27 counts. He asserts claims arising from several incidents that have taken place during his tenure as a unit owner in the Oak Brook Condominium ("Oak Brook"). Before the court are two motions to dismiss, one filed by Betty Mullen and Jamie Cox,[1] the other filed or joined by Oak Brook Condominium

---

[1] In the caption of his complaint, Lath identifies one of the defendants as: "James Anthony Mullen a.k.a. Jamie Cox." Doc. no. 24, at 1. In the balance of this order, the court refers to him as "Cox," as that is the name he uses in his pleadings.

Owners' Association ("Association"), Cheryl Vallee, Perry Vallee, William Morey, Christos Klardie, Zenaida Rodriguez, Patty Taylor, Warren Mills, and Dorothy Vachon (hereinafter "nine defendants"). Lath has objected to the motion filed by Mullen and Cox, but has not objected to the motion filed by the nine defendants. For the reasons that follow, the motion to dismiss filed by Mullen and Cox is granted, and the motion filed by the nine defendants is granted in part.

## I. Background

In Cause 1 of his First Amended Complaint ("FAC"), plaintiff asserts his sole federal claim. Through the vehicle of 42 U.S.C. § 1983, he claims that the Manchester Police Department ("MPD") violated his right to equal protection under the Fourteenth Amendment to the United States Constitution by: (1) refusing to take information from him when he attempted to report three incidents (i.e., Vachon allegedly drilled holes into his unit and installed a wiretapping device, his mailbox was defaced with graffiti, and his car was vandalized); (2) taking 30 minutes to respond to a burglary alarm from his unit; and (3) characterizing him in various police records as being a "mental subject."

## II. Discussion

In this section, the court considers in turn each of the two pending motions to dismiss Lath's FAC.

A. Document No. 27 (Mullen & Cox)

In the paragraph of his FAC in which he identifies the individual defendants, plaintiff does not mention either Mullen or Cox. See doc. no. 24 ¶ 18. However, in paragraph 33 of the second amended complaint in Lath v. Oak Brook Condominium Owners' Ass'n, No. 116-cv-463-LM, Lath alleges that Mullen is an Oak Brook unit owner and that Cox is her son. The FAC includes the following factual allegations concerning Mullen and Cox:

> After a flood emanated from Lath's unit on December 13, 2016, "Betty Mullen . . . interrogated Lath's caretaker and friend, Randall Parker Booth, persuading Booth to admit Lath was the person who caused the "flooding." Mullen asked if Booth was [Lath's] "boyfriend" and asked Booth about intimate details concerning Lath's life." FAC (doc. no. 24) ¶ 53.
>
> After a fire in Lath's unit on December 15, 2016, Mullen and Cox "made statements that Lath intentionally caused the fire and they had heard and seen the incident by a camera in Lath's unit." Id. ¶ 43.
>
> "Lath has been exposed to the dangers and harassment from the Defendants, Betty Ann Mullen, [Cox], Cheryl Vallee, Perry Vallee, Zenaida Rodriguez, Patricia Napolitano, Dorothy Martha Vachon, Gerald Paul Dufresne, Christos/Christas Arthur Klardie, which has exponentially deteriorated his health and has deprived Plaintiff Lath of his Fourteenth [A]mendment rights, of due process, to report a crime, when he called the Manchester Police on September 30, 2016, to file a

> report for the actions of the said defendants." Id. ¶ 127.[2]
>
> [Cox] has caused transmission of harmful [radio] frequencies, primarily to cause physical harm upon Lath, from the attic space immediately above Lath's unit." Id. ¶ 252.
>
> [Cox's] use of high frequency sound has further caused Lath to suffer with excruciating headaches. Id. ¶ 254.

Based upon the foregoing allegations, Lath asserts three claims against Mullen and Cox: (1) a claim against Mullen, under the common law of New Hampshire, for invasion of privacy, based upon her conversation with Booth (Cause 16, see FAC ¶ 249); (2) a claim against Cox, under N.H. Rev. Stat. Ann. ("RSA") § 570-A, for wiretapping, based upon his transmission of high frequency radio signals (Cause 17, see id. ¶¶ 251-54); and (3) a claim against all defendants other than the MPD, under the common law of New Hampshire, for civil conspiracy (Cause 19, see id. ¶ 277).

Mullen and Cox argue that the claims against them should be dismissed because: (1) the court lacks diversity jurisdiction over this case under 28 U.S.C. § 1332; (2) the only claims

---

[2] Earlier in the FAC, Lath makes it clear that the incident he attempted to report on September 30 did not involve any conduct by Mullen or Cox but, rather, involved "two holes created by Defendant Dorothy Vachon . . . and a third hole, inside [his] cabinet, with an attached wiretapping device." Doc. no. 24 ¶ 30 (citation to the record omitted).

plaintiff has brought against them arise under state law; and (3) the court lacks supplemental jurisdiction over those claims, under 28 U.S.C. § 1367(a), or should decline to exercise supplemental jurisdiction, under § 1367(b).  The court agrees that it lacks supplemental jurisdiction over Lath's claims against Mullen and Cox.

Because both plaintiff and several defendants are New Hampshire residents, this court does not have subject matter jurisdiction over this case under 28 U.S.C. § 1332.  See Aponte-Dávila v. Muni. of Cagaus, 828 F.3d 40, 46 (1st Cir. 2016).  Thus, the court's subject matter jurisdiction rests upon 28 U.S.C. § 1331, and Lath's assertion of federal claims against the City of Manchester, through 42 U.S.C. § 1983.  As a consequence, the court's jurisdiction over Lath's state law claims against Mullen and Cox depends upon whether the court may properly invoke supplemental jurisdiction.  It may not.

The supplemental jurisdiction statute provides, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5

28 U.S.C. § 1367(a). "State and federal claims are part of the same case or controversy for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." Allstate Ints. & Exts., Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quoting Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 564 (1st Cir. 1997); citing UMW v. Gibbs, 383 U.S. 715, 725 (1966)) (internal quotation marks and alterations omitted). Thus, "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." Ortiz-Bonilla v. Fed'n de Ajedrez de P.R., Inc., 734 F.3d 28, 35 (1st Cir. 2013) (quoting BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 833 (1st Cir. 1997)).

Here, plaintiff's federal claims against the MPD are based upon alleged actions or inactions by the MPD that did not involve Mullen or Cox in any way.[3] And his claims against Mullen

---

[3] Under the caption "Cause 2: State Created Danger," which purports to assert a claim against the MPD, the FAC states that "dangers and harassment from the Defendants, Betty Ann Mullen [and Cox] . . . has deprived Plaintiff Lath of his Fourteenth [A]mendment rights, of due process, to report a crime, when he called the Manchester Police on September 30, 2016, to file a report for the actions of the said defendants." Doc. no. 24 ¶

and Cox are based upon alleged incidents that did not involve the MPD in any way. Thus, Lath's federal claims against the MPD and his state law claims against Mullen and Cox are not part of the same nucleus of operative fact and, as a consequence, do not "form part of the same case or controversy," 28 U.S.C. § 1367(a).

Plaintiff's arguments to the contrary are not persuasive. His primary argument, i.e., that his FAC "delineates a series of events, which the defendants contemplated against the Plaintiff in concert, much like an orchestra, where each defendant played a specific role and in specific time to cause . . . a living hell on Lath," Pl.'s Obj. (doc. no. 28) 17, is too general to establish the necessary factual nexus between his federal claims against the MPD and his state law claims against Mullen and Cox. That said, plaintiff does argue that his claims against Mullen and Cox share a common nucleus of operative fact with the claim asserted against the MPD in Cause 2 and the conspiracy claim asserted in Cause 19, but neither Cause 2 nor Cause 19 asserts a

---

127. Notwithstanding plaintiff's inclusion of Mullen, Cox, the MPD, and the Fourteenth Amendment in the same sentence, that sentence cannot reasonably be read as alleging that Mullen's conversation with Booth (the factual basis for Cause 16), Cox's radio transmissions (a basis for Cause 17), or a conspiracy that did not involve the MPD (the basis for Cause 19) had anything to do with the MPD's failure to take reports from Lath concerning Vachon's alleged wiretapping, graffiti on his mailbox, and vandalism to his car (the basis for Cause 1).

federal claim over which the court has original jurisdiction. For supplemental jurisdiction to be proper, the state law claims against Mullen and Cox must share a common nucleus of operative fact with the federal claims that plaintiff asserts in Cause 1. Plaintiff does not even argue that they do and, as the court has explained, they do not.

In sum, the court lacks supplemental jurisdiction over the state law claims that Lath asserts against Mullen and Cox in Causes 16, 17, and 19.  For that reason, their motion to dismiss is granted.

B. Document No. 33 (the nine defendants)

Plaintiff's FAC includes numerous allegations about conduct involving the Association, Cheryl Vallee, Perry Vallee, Morey, Klardie, Rodriguez, Taylor, Mills, and Vachon.  According to the FAC, all the individual defendants listed above are or were either members of the Association's board of directors or employees of Oak Brook.  While the FAC is somewhat imprecise in linking specific causes of action to specific defendants, Lath appears to assert the following claims against one or more of the defendants listed above:

> Cause 4:  Deprivation of basic necessities.  This claim is based upon allegations that the water to Lath's kitchen (but not his bathroom) was shut off after the December 13, 2016, flooding incident.

Cause 5:  Violation of Manchester Ordinance § 150.982. This claim is based upon the same factual allegations as Cause 4.

Cause 6:  Negligence.  This claim is based upon allegations that the Association failed to properly maintain the deck outside Lath's unit, thus causing Lath and several of his guests to get splinters in their feet.

Cause 7:  Promissory estoppel.  This claim is based upon allegations that the Association failed to inspect and properly maintain the deck outside Lath's unit.

Cause 8:  Negligence.  This claim is based on allegations that Vachon installed faulty electrical wiring in the common wall between her unit and Lath's.

Cause 9:  Theft of utilities, in violation of RSA 687:8.  This claim is based upon allegations that the Association and Vachon diverted electrical service from Lath's unit to Vachon's.

Cause 10:  Theft by deception, in violation of RSA 637:4.  This claim is based upon allegations that various defendants misappropriated condominium fees collected from unit owners by the Association.

Count 11:  Breach of contract.  This claim is based upon allegations that the Association failed to provide Lath with a copy of its master insurance policy.

Cause 12:  Promissory estoppel.  This claim is based upon allegations that the Association has not promptly repaired Lath's unit after the fire on December 15, 2016.

Cause 13:  Intentional and/or negligent infliction of emotional distress.  This claim is based upon allegations that has Lath suffered emotional distress as a result of the conduct alleged in Causes 11 and 12.

Cause 14:  Improper interference with contract or expectancy.  This claim is based upon allegations that the Association has interfered with Lath's attempt to make a claim on his homeowner's insurance.

Cause 15:  Misrepresentation and deceit.  This claim is based upon allegations that Rodriguez made false representations to Lath concerning: (a) the number of people who would enter his unit to inspect it after the December 13 flooding incident; and (b) the manner in which the condition of his unit would be documented after the December 13 flooding incident.

Cause 16:  Invasion of privacy.  This claim is based upon allegations that: (a) employees Al Terry Plumbing and Heating, Inc. took photographs or video footage of Lath's unit after the December 13 flooding incident without his permission; and (b) Mullen asked Booth about Lath's private life.

Cause 17:  Wiretapping, in violation of RSA 570-A. This claim is based upon allegations that: (a) Cox transmitted high frequency radio signals into Lath's unit; and (b) Klardie, Dufresne, and Vachon installed listening devices in his unit.

Cause 18:  Deliberate indifference and deprivation of basic necessities such as water, shelter, electricity, food, heat, and hot water through defendants' intentional negligence.  This claim is based upon allegations that defendants have not promptly repaired Lath's unit after the December 15 fire.

Cause 19:  Conspiracy.  This claim is based on allegations "that (a) the Defendant [excluding the MPD], its agents and/or employees, and each of them ("coconspirators"), committed the unlawful, tortious acts, complained herein above, in this cause of action, in all Counts, jointly and in individual capacity as actors in a civil conspiracy (b) to harass the Plaintiff and cause the Plaintiff financial, emotional and mental injury, and cause damage to Plaintiff's property and reputation (c) and such purposes were either achieved under the pretext and

> guise of fulfilling the covenants of the Condominium instruments, or such acts, that are complained herein above, were negligently purported by the coconspirators (d) that the coconspirators had an agreement on their course of action (e) and all such alleged actions and conduct of the coconspirators, as complained in counts 1 [through] 17 above, inclusive, were tortious and unlawful." FAC (doc. no. 24) 277.

The nine defendants argue that the court lacks supplemental jurisdiction over the state law claims that Lath asserts against them and also argue that even if supplemental jurisdiction is proper, the court should decline to exercise that jurisdiction, pursuant to 28 U.S.C. § 1367(c)(2), because Lath's state law claims predominate over his federal claims. As the court has noted, Lath has not objected to the nine defendants' motion to dismiss. Their first argument for dismissal is persuasive.

Plaintiff's federal claims against the MPD and his various state law claims against the nine defendants have only one factual overlap: Lath's allegation that Vachon installed a wiretapping device in his unit, which figures into both his wiretapping claim against her (Cause 17), and his constitutional claim against the MPD for failing to take a report from him concerning Vachon's alleged installation of a wiretapping device (Cause 1). Because of that common nucleus of operative fact, the court has supplemental jurisdiction over the claim asserted

11

in Cause 17 that Vachon is liable for wiretapping.[4] Other than that, Lath's federal claims against the MPD and his state law claims against the nine defendants do not arise from a common nucleus of operative fact and, as a consequence, do not "form part of the same case or controversy," 18 U.S.C. § 1367(a). Accordingly, apart from the wiretapping claim asserted against Vachon in Cause 17, the court lacks supplemental jurisdiction over the state law claims that Lath asserts against the nine defendants in Causes 4-19. On that basis, their motion to dismiss is granted, except as to the claim against Vachon asserted in Cause 17.

### III. Conclusion

For the reasons detailed above, the motion to dismiss filed by Mullen and Cox, document no. 27, is granted, and the nine defendants' motion to dismiss, document no. 33, is granted in part. As a result, this case now consists of Causes 1-3, any claims asserted in Causes 4-14 against Dufresne and Justin Boufford, Cause 17 as to Vachon, any claims asserted in Causes 15-19 against any defendant other than Mullen, Cox, and the nine defendants, and Causes 20-27. Because none of the causes of

---

[4] But, the court does not have supplemental jurisdiction over the wiretapping claim asserted in Cause 17 against Cox, because that claim shares no operative facts with Lath's federal claims.

action remaining in this case assert claims against the Association, Cheryl Vallee, Perry Vallee, Taylor, Klardie, Mullen, Rodriguez, Mills, Cox, or Morey, those defendants are all dismissed from this case.

    SO ORDERED.

                                                  Landya McCafferty
                                          United States District Judge

March 23, 2017

cc:   Gary M. Burt, Esq.
      Sanjeev Lath, pro se
      Bruch Joseph Marshall, Esq.
      Sabin R. Maxwell, Esq.
      Robert J. Meagher, Esq.
      Richard C. Nelson, Esq.
      James G. Walker, Esq.