UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                                    Civil No. 16-cv-534-LM
                                                           Opinion No. 2017 DNH 087
Manchester Police Department;
Gerald Dufresne; Dorothy
Vachon; BMS CAT; Amica Mutual
Insurance Co.; and Justin
Boufford

**O R D E R**

Before the court is a pleading titled "Plaintiff's Motion for Leave to File First Supplemental Complaint Pursuant to Rule 15(d)." For the reasons that follow, that motion is denied.

**I. Background**

Lath owns a unit in the Oak Brook Condominium ("Oak Brook"). He filed his original complaint in this case on December 15, 2016. In it, he named 14 defendants. On the same day he filed this action, there was a fire in his unit. On January 25, 2017, Lath filed his First Amended Complaint ("FAC"), in which he named 17 defendants. Many of those remaining defendants, but not all of them, moved to dismiss the FAC. As a result of orders on those motions to dismiss, this case now consists of: (1) a claim, brought through the vehicle of 42 U.S.C. § 1983, asserting that the Manchester Police

Department ("MPD") violated Lath's federal constitutional right to equal protection; and (2) state law claims against the MPD, Dorothy Vachon, Gerald Dufresne, Justin Boufford, Amica, and BMS Catastrophe, Inc. ("BMS CAT").[1] The following defendants named in the FAC were dismissed from this case before Lath filed the motion currently before the court: the Oak Brook Condominium Owners' Association ("Association"), Cheryl Vallee, Perry Vallee, Patty Taylor, Christos Klardie, Betty Mullen, Zenaida Rodriguez, Warren Mills, Jamie Cox (a/k/a James Mullen), and Willian Morey. See Order (doc. no. 74) 13.

Lath is currently a plaintiff in two other actions in this court. In one of them, 16-cv-463-LM, he asserts claims against the Association under three separate provisions of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3631.

In his proposed supplemental complaint in this case, Lath begins by stating that "[t]his action arises out of [the] Fair Housing Act 42 USC 3601-3619." Doc. no. 77-1, at 1. That is incorrect; Lath is pursuing FHA claims in 16-cv-463-LM, but has never asserted any FHA claims in this case.[2] Be that as it may, Lath's proposed supplemental complaint asserts two claims

---

[1] Dufresne has been defaulted. See doc. no. 73.

[2] Thus, it is not beyond the realm of possibility that Lath actually intended to file the motion now before the court in 16-cv-463-LM rather than in this case.

2

against the City of Manchester, Amica, the Association, Cheryl Vallee, Perry Vallee, Klardie, Mullen, Taylor, and Vachon.

The first claim in Lath's proposed supplemental complaint is captioned: "Failure to provide reasonable accommodation in violation of [the] Fair Housing Act, 42 USC 3601-3619 et. seq." Doc. no. 77-1, at 2. The factual basis for that claim is the Association's failure to respond to multiple requests from Lath for a reasonable accommodation for his handicaps. He characterizes his handicaps as "depressive and anxiety disorders, human immuno-deficiency viral infection and pituitary adenoma, which substantially limits one or more [of his] major life activities." Id. ¶ 3. The accommodation he sought was the expedited repair of his unit after the fire.

Lath's second claim is captioned "Retaliation against Lath and his friend and caregiver/friend Barbara Belware." Proposed Supp. Compl. (doc. no. 77-1) 3. In his motion, Lath describes his retaliation claim this way:

> Lath is seeking to add additional facts and allegations relating to additional requests for accommodations, violation of constitutional rights and criminal violations, neglect, abuse, exploitation of [an] elderly, disabled and incapacitated adult, crimes against Lath, Lath's properties and/or his caregivers, household workers, friends, family and relatives all to further their retaliation towards them for asserting or attempting to assert the rights granted to them under [the] Federal Fair Housing Act, [the] American[s] with Disabilities Act and [the] Rehabilitation Act.

3

Doc. no. 77 ¶ 11. More specifically, Lath alleges that after the fire in his unit, defendants committed a variety of acts that harmed him, in retaliation for his having filed his complaint in 16-cv-463-LM.

Vachon objects to Lath's motion. Amica has joined Vachon's objection. None of the other seven entities named as defendants Lath's proposed supplemental claims have objected. But six of them – all but the MPD – were dismissed from this case before Lath filed his motion.

## II. The Legal Standard

"Rule 15(d) affords litigants a pathway for pleading 'any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.'" United States ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (1st Cir. 2015) (quoting Fed. R. Civ. P. 15(d)), cert. denied, 136 S. Ct. 2517 (2016). As for the application of Rule 15(d), the court of appeals has explained:

> Rule 15(d) contains no standards at all to guide the district court's analysis; it merely authorizes the district court to permit service of a supplemental pleading "on just terms." In an effort to fill this vacuum and in keeping with the overarching flexibility of Rule 15, courts customarily have treated requests to supplement under Rule 15(d) liberally. See, e.g., Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001). This liberality is reminiscent of the way in which courts have treated requests to amend under Rule 15(a)'s leave "freely give[n]"

4

standard. See, e.g., Glatt v. Chi. Park Dist., 87 F.3d 190, 194 (7th Cir. 1996); Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995); Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005).

Gadbois, 809 F.3d at 7. Moreover:

> In the last analysis, a district court faced with a Rule 15(d) motion must weigh the totality of the circumstances, just as it would under Rule 15(a). See Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006). Idiosyncratic factors — say, the futility of supplementation, see Haggard v. Bank of the Ozarks, Inc., 668 F.3d 196, 202 (5th Cir. 2012) (per curiam); Motorola Credit Corp. v. Uzan, 388 F.3d 39, 65 (2d Cir. 2004), prejudice to the opposing party, see Walker, 240 F.3d at 1278-79, and unreasonable delay in attempting to supplement, see Glatt, 87 F.3d at 194 — may suffice to ground a denial of a Rule 15(d) motion. Everything depends on context.

Id. (footnote omitted).

"[W]hile leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Polansky v. Wrenn, No. 12-cv-105-PB, 2013 WL 1165158, at *2 (D.N.H. Feb. 22, 2013) (quoting In re Exxon Valdez, 318 F. App'x 545, 547 (9th Cir. 2009); citing Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997)), R. & R. adopted by 2013 WL 1155429 (D.N.H. Mar. 19, 2013); see also Williams v. Lackawanna Cty. Prison, No. 1:12-CV-02274, 2016 WL 1393383, at *2 (M.D. Pa. Apr. 8, 2016) ("A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.").

That said, "[a] supplemental pleading may include a new cause of action . . . if a relationship exists between the original complaint and the later accruing material." Polansky, 2013 WL 1165158, at *2 (quoting Petro-Hunt, L.L.C. v. United States, 105 Fed. Cl. 37, 44 (Fed. Cl. 2012); citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504, at 253 (3d ed. 2010)) (internal quotation marks omitted). On the other hand:

> '[W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified.' Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971). . . .
>
> Further, granting a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting the plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

Williams, 2016 WL 1393383, at *2.

### III. Discussion

The principles articulated in Polansky and Williams counsel in favor of denying Lath's motion to for leave to supplement his complaint; given the status of Lath's FAC when he filed his motion, there was not an adequate relationship between the FAC and the later accruing material that Lath seeks to add to it. In broad strokes, the claims remaining in this case when Lath filed his motion pertain to: (1) actions or inactions by the MPD that are unrelated to the fire in Lath's unit or its aftermath; (2) actions by Dufresne, Boufford, and Vachon that are unrelated to the fire or its aftermath; (3) actions by Lath's post fire clean up contractor (BMS CAT); and (4) actions by Lath's insurer (Amica) during the course of responding to the claim he made as a result of the fire. Now, Lath seeks to supplement his complaint with: (1) an FHA claim arising from the Association's alleged failure to respond to his request for expedited repairs after the fire;[3] and (2) an FHA retaliation claim.

While Lath's claims against BMS CAT and Amica arise from actions those entities took in response to the fire, the legal

---

[3] The court appreciates that the Association might face FHA liability for failing to expedite repairs to Lath's unit, a matter on which the court offers no opinion. But Lath's proposed supplemental complaint does not explain how any of the other defendants he names in his proposed FHA claim could have liability under the FHA.

7

obligations of BMS CAT and Amica are entirely distinct from the Association's legal obligations. Thus Lath's claims against BMS CAT, Amica, and the Association arise from three unrelated bodies of facts, i.e., the actions each entity took to meet legal obligations resulting from the fire. The fact that each entity was responding to obligations resulting from the same fire is a factual coincidence of no legal significance. As best, the claims against those three entities are only indirectly related, which justifies denial of Lath's motion. See Williams, 2016 WL 1393383, at *2.[4]

Denial of Lath's motion, however, is not quite the end of the story. There remains the question of whether Lath might still be able to assert the FHA claims he cannot add to this case, and if so, how. Useful guidance on that question is provided by Hanson v. N.H. State Prison Literary Review Committee, No. 14-cv-132-SM, 2015 WL 2206337 (D.N.H. May 11, 2015).

---

[4] To be sure, in his FAC, Lath asserted contractual and common law claims against the Association arising from its allegedly tardy repair of his unit, and tardy repair might be part of the same body of facts that supports Lath's proposed FHA claim, which is based upon the Association's failure to respond to his request for expedited repair. But Lath's state law claims against the Association were dismissed from this case before Lath moved to assert his proposed FHA claims, which means that Lath's state law claims against the Association were no longer available as a basis for establishing a relationship between the FAC and the proposed FHA supplemental claims by the time Lath moved to supplement his FAC.

8

In Hanson, Judge McAuliffe denied a motion to supplement a complaint in part because the defendant against whom the plaintiff sought to assert new claims had been dismissed from the case. See 2015 WL 2206337, at *4. However, that denial was "without prejudice to Hanson's ability to bring those claims in a new civil case before the court." See id. Here, too, the court's denial of Lath's motion is without prejudice. But, given the particular circumstances of this case, rather than directing Lath to file yet another action, the court denies his motion without prejudice to his filing a Rule 15(d) motion in 16-cv-463-LM. That case already includes several claims under the FHA, and seven of the nine defendants against whom Lath sought to bring supplemental claims in this case are defendants in 16-cv-463-LM.[5]

### IV. Conclusion

For the reasons detailed above, plaintiff's motion for leave to file a first supplemental complaint, document no. 77, is denied, but without prejudice to Lath's filing a Rule 15(d) motion in 16-cv-463-LM. Moreover, he may do so without seeking

---

[5] As for the other two, the MPD and Amica, the court notes in passing that it is hard pressed to see how either of those entities could possibly be liable for failing to provide Lath with an accommodation he requested from the Association, or could be liable for retaliating against him for filing a lawsuit, 16-cv-463-LM, in which they were not named as defendants.

9

leave from the court pursuant to the procedural orders in that case.

　　　　SO ORDERED.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Landya McCafferty
　　　　　　　　　　　　　　　　　United States District Judge

May 4, 2017

cc:　Gary M. Burt, Esq.
　　　Sanjeev Lath, pro se
　　　Bruce Joseph Marshall, Esq.
　　　Sabin R. Maxwell, Esq.
　　　Robert J. Meagher, Esq.
　　　Richard C. Nelson, Esq.
　　　James G. Walker, Esq.