UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Sanjeev Lath

     v.                                Civil No. 16-cv-534-LM
                                       Opinion No. 2017 DNH 111
Manchester Police Department,
Gerald Dufresne, Dorothy Vachon
BMS CAT, Amica Mutual Insurance
Co., and Justin Boufford


                         **O R D E R**

     This case now consists of one federal claim against the Manchester Police Department ("MPD"),[1] brought through the vehicle of 42 U.S.C. § 1983, and state law claims against all six defendants. Before the court is Justin Boufford's motion to dismiss the claim(s) against him for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Lath objects. For the reasons that follow, Boufford's motion to dismiss is granted.

                       **I. Background**

     In his first amended complaint ("FAC"), Lath asserted 27 claims against 17 defendants. In an order dated March 23, 2017, document no. 74, ten of those defendants were dismissed from the

---

[1] Following the usage of Lath's FAC, this order uses "Manchester Police Department" and "City of Manchester" interchangeably to refer to the same defendant.

case.  One more defendant was dismissed in an order dated March 27, 2017, document no. 81.  Gerald Dufresne has been defaulted.  See doc. no. 73.

In Cause 1 of his FAC, Lath claims that the MPD violated his right to equal protection, under the Fourteenth Amendment to the U.S. Constitution, by: (1) taking 30 minutes to respond to a burglar alarm from his unit, while responding more quickly to calls from other residents of the Oak Brook Condominium ("Oak Brook"); (2) refusing to take information from him when he attempted to report three incidents,[2] while promptly responding to complaints from other Oak Brook residents; and (3) characterizing him in various police records as a "mental subject."  Causes 2 and 3 of the FAC assert state law claims against the MPD.

As for Lath's claims against Boufford, he alleges that "[d]efendants . . . [including] . . . Justin Boufford . . . are residents and/or owners of Oak Brook [C]ondominium Owners' Association, and at all relevant times, were and/or still are, board members, management, contractors and/or employees of the Association."  FAC (doc. no. 24) ¶ 18.  Then, he makes the

---

[2] Those incidents include: (1) vandalism of his cars, see FAC (doc. no. 124) ¶¶ 129, 133(a); (2) the drilling of holes into his unit and the installation of a wiretapping device, see FAC ¶¶ 30, 120, 155; (d) vandalism of his mailbox, see FAC ¶ 133(a).

following factual allegations that specifically mention Boufford:

> On September 13, 2015, [Gail] Labuda in an email to [Association] Board members Judy Goudbout, Jane Bright and Justin Boufford stated that . . . two police officers who did a "wellness check" upon Lath "acknowledged that he [Lath] has "some mental issues and is hearing things in his head." . . .

> On September 14, 2015, Board Member at the time, Justin Boufford, suggested to other Board Members that he would call "a [M]anchester police office friend" to see if "he had an idea." Upon making the call, Boufford received [a] recommendation from the "police officer friend" to "call the police station again to report those emails that Vickie [Grandmaison] received."

FAC ¶¶ 24-25 (citations to the record and emphasis omitted). Those appear to be the only two paragraphs in the FAC that specifically mention Boufford. Moreover, while the headings in Lath's FAC specify the defendants against whom each of his claims are directed, Boufford's name appears in none of them. However, Lath's Cause 19 is asserted against "ALL defendants EXCEPT City of Manchester, NH." FAC 76. Finally, it is clear that Causes 20-27 of the FAC are asserted against BMS CAT ("BMS Catastrophe, Inc.") and Amica.

Based upon the foregoing, the court can say with certainty that Boufford is not a defendant in the claims asserted in Causes 1-3 and Causes 20-27. As for the remaining causes, the FAC is not so helpful. If left to its own devices, the court

3

would be inclined to conclude that Cause 19 ("Conspiracy") is the only claim that Lath asserts against Boufford. But Boufford, perhaps generously, construes the FAC as asserting several additional claims against him: Cause 4 ("Deprivation of Basic Necessities – Water"), Cause 5 ("Violation of Manchester Ord. § 150.082: Water and Sewer System"), Cause 6 ("Negligence – Deck"), Cause 7 ("Promissory Estoppel – Deck"), Cause 12 ("Promissory Estoppel – Repairs in Lath's Unit"), Cause 15 ("Misrepresentation and Deceit"), and Cause 17 ("Unlawful [W]iretapping – NH Rev. Stat. 570-A"). In his objection to Boufford's motion to dismiss, however, plaintiff addresses only the conspiracy claim he asserts as Cause 19. The court will follow Lath's lead and construe his complaint as asserting only a single claim against Boufford: a state law claim for civil conspiracy.

### III. Discussion

Boufford moves to dismiss Lath's claim against him, arguing that the court lacks subject matter jurisdiction over that claim and should decline to exercise supplemental jurisdiction over it. Lath's objection is somewhat difficult to follow, as it appears to conflate this case with 16-cv-463-LM and/or advances arguments that appear to presume a favorable ruling on his motion to consolidate that case, this case, and a case that is

4

before Judge Laplante, 17-cv-075-LM.[3]  In any event, the court is persuaded that it should not exercise supplemental jurisdiction over Lath's conspiracy claim against Boufford.

With regard to subject matter jurisdiction, Lath asserts that "this court has jurisdiction on this matter based upon diversity."  FAC ¶ 12; see also 28 U.S.C. § 1332.  He is wrong.  Both Lath and at least one defendant are New Hampshire residents.  Thus, the parties are not completely diverse.  For the court to have subject matter jurisdiction under § 1332, "[d]iversity must be complete – 'the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.'"  Aponte-Dávila v. Muni. of Cagaus, 828 F.3d 40, 46 (1st Cir. 2016) (quoting DCC Operating, Inc. v. Rivera Siaca (In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007); citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806)).  Because the court does not have diversity jurisdiction over this case, its subject matter jurisdiction rests upon 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

Plainly, the constitutional claim that Lath asserts in Cause 1, through the vehicle of 42 U.S.C. § 1983, qualifies as a federal question over which this court has subject matter

---

[3] That motion has been denied.  See doc. no. 104.

jurisdiction under 28 U.S.C. § 1331. As for the application of supplemental jurisdiction, Lath's complaint has this to say:

> This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims with respect to wiretapping RSA 570-A, because those clams are related to Plaintiff's federal claims and arise out of a common nucleus of related facts.

FAC ¶ 13. The problem is that the statutory wiretapping claim(s) that Lath asserts in Cause 17 do not implicate Boufford in any way. Rather, the violations of RSA 570-A that Lath asserts in Cause 17 are based upon the following factual allegations:

> [James] Mullen has caused transmission of harmful [radio] frequencies, primarily to cause physical harm upon Lath, from the attic space immediately above Lath's unit.
>
> . . . .
>
> Plaintiff Lath believes, and on that basis, alleges that Defendants Warren Titus Mills, Christos Arthur Klardie, Gerald Paul Dufresne and Dorothy M. Vachon installed wiretapping devices from their units extending into Lath's unit with an intent to surreptitiously eavesdrop on Lath's conversations including privileged conversations which Lath has or had with his medical professionals and surgeons and conversations which Lath has or had with his Attorney Willis Sloat. Esq. of SK Lawyers LLC.
>
> . . . .
>
> Dufresne and Klardie installed wiretapping devices and transmitters, in Lath's cabinets within Lath's unit, with the intent to harass Lath, and eavesdrop upon Lath's conversations.

6

FAC ¶¶ 252, 255, 260. While it is true that in a previous order, document no. 74, the court determined that Lath's wiretapping claim against Vachon was sufficiently related to the federal claim asserted in Cause 1 to establish a basis for exercising supplemental jurisdiction over it, Lath does not assert a wiretapping claim against Boufford. Thus, the court's exercise of supplemental jurisdiction over the wiretapping claim against Vachon does not compel the court to exercise supplemental jurisdiction over any claim against Boufford, because Lath does not assert a wiretapping claim against Boufford.

Moreover, the court can see no basis for exercising supplemental jurisdiction over the single state law claim that Lath <u>does</u> assert against Boufford, the conspiracy claim in Cause 19. Turning to the applicable law, the supplemental jurisdiction statute provides, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "State and federal claims are part of the same case or controversy for the purposes of section 1367(a) if

7

they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." Allstate Ints. & Exts., Inc. v. Stonestreet Constr., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (quoting Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 564 (1st Cir. 1997); citing UMW v. Gibbs, 383 U.S. 715, 725 (1966)) (internal quotation marks and alterations omitted). Thus, "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." Ortiz-Bonilla v. Fed'n de Ajedrez de P.R., Inc., 734 F.3d 28, 35 (1st Cir. 2013) (quoting BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., 132 F.3d 824, 833 (1st Cir. 1997)).

Here, there is no basis for a determination that Lath's state law conspiracy claim arises from the same nucleus of operative fact as his § 1983 claim against the MPD, which Lath expressly excluded as a defendant in his conspiracy claim. In his FAC, Lath asserts his conspiracy claim in the following way:

> Plaintiff is informed and believes and on that basis alleges that (a) the Defendant, its agents and/or employees, and each of them ("coconspirators"), committed the unlawful, tortious acts, complained [of] herein above, in this cause of action, in all Counts, jointly and in individual capacity as actors in a civil conspiracy (b) to harass the Plaintiff and cause the Plaintiff financial, emotional and mental injury,

> and cause damage to Plaintiffs property and reputation
> (c) and such purposes were either achieved under the
> pretext and guise of fulfilling the covenants of the
> Condominium instruments, or such acts, that are
> complained herein above, were negligently purported by
> the coconspirators (d) that the coconspirators had an
> agreement on their course of action (e) and all such
> alleged actions and conduct of the coconspirators, as
> complained [of] in counts 1 thru 17 above, inclusive,
> were tortious and unlawful.

FAC § 277. What is missing from Lath's articulation of his conspiracy claim – and the court has quoted it in full – is any description of the nucleus of operative fact from which it arises. Indeed, even when read most indulgently, Cause 19 comes close to alleging no facts at all, much less facts that line up with those alleged in support of the federal claim asserted in Cause 1.[4] Because Lath has failed to adequately allege a common nucleus of operative fact underlying the claims he asserts in Causes 1 and 19, the court lacks supplemental jurisdiction over the conspiracy claim Lath asserts in Cause 19.

---

[4] A good example of a common nucleus of operative fact may be seen in the relationship between the wiretapping claim Lath asserts against Vachon in Cause 17 and the § 1983 claim he asserts in Cause 1. With respect to those claims, the nexus that supports supplemental jurisdiction is this: in Cause 17, Lath accuses Vachon of installing a wiretapping device in his unit, and in Cause 1, he accuses the MPD of violating his right to equal protection by declining to accept his report that Vachon had drilled holes through the wall of his unit, so she could install a wiretapping device.

9

Moreover, even if Lath's blanket references to "the unlawful, tortious acts, complained [of] herein above, in this cause of action, in all Counts," FAC ¶ 277, and to "all such alleged actions and conduct of the conspirators, as complained [of] in counts 1 thru 17 above, inclusive," id., are sufficient to allege a common nucleus of operative fact underlying Lath's conspiracy claim and his § 1983 claim, another significant problem emerges. If Lath is alleging a conspiracy to violate his constitutional right to equal protection, Cause 19 is legally deficient, because none of the defendants Lath names are state actors.

Under New Hampshire law, the elements of a claim for civil conspiracy include "one or more unlawful overt acts." In re Armaganian, 147 N.H. 158, 163 (2001) (quoting Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987)). If Lath is alleging a conspiracy to violate his constitutional rights, then, necessarily, the requisite unlawful overt act would be a violation of his constitutional rights. Such a violation would be actionable, if at all, only by means of 42 U.S.C. § 1983. However, because liability under 42 U.S.C. § 1983 is limited to persons acting under color of state law, see Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016), Lath's conspiracy claim names no defendant who,

10

as a matter of law, could possibly have committed the unlawful overt act necessary to state a claim for civil conspiracy to violate his constitutional right to due process.  Thus, it does not appear that Cause 19 states a claim upon which relief can be granted.

Finally, even if the claim Lath asserts in Cause 19 did share a common nucleus of operative fact with the claim he asserts in Cause 1, and even if Lath had asserted Cause 19 against a defendant who could face legal liability for conspiring to violate his right to due process, the court would still decline to exercise supplemental jurisdiction over Lath's conspiracy claim.  The supplemental jurisdiction statute provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  In Cause 19, Lath asserts that all defendants other than the MPD conspired to commit the unlawful acts alleged in Causes 1 through 17.  Cause 1, however, is the only federal claim that Lath asserts.  Where Lath alleges a conspiracy to commit 16 different violations of state law and one violation of federal law, the court has no

11

difficulty concluding that Lath's state law conspiracy claim substantially predominates over his § 1983 claim. On that basis, even if the court could properly exercise supplemental jurisdiction over Lath's conspiracy claim, it would decline to do so.

In sum, the court lacks supplemental jurisdiction over the state law conspiracy claim that Lath asserts against Boufford in Cause 19. But even if it had such jurisdiction, the court would decline to exercise it, pursuant to 28 U.S.C. § 1367(c)(2).

### IV. Conclusion

Because the court does not have, or declines to exercise, supplemental jurisdiction over the conspiracy claim asserted in Cause 19, Boufford's motion to dismiss, document no. 95, is granted, and he is dismissed from the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 12, 2017
cc: Gary M. Burt, Esq.
    Sanjeev Lath, pro se
    Sabin R. Maxwell, Esq.
    Richard C. Nelson, Esq.
    Michael B. O'Shaughnessy, Esq.
    James G. Walker, Esq.