```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

   v.                                      Civil No. 16-cv-534-LM
                                                  Opinion No. 2017 DNH 155

Manchester Police Department,
Gerard Dufresne, Dorothy Vachon
BMS CAT, and Amica Mutual
Insurance Company


**O R D E R**

This case now consists of one federal claim against the Manchester Police Department, brought through the vehicle of 42 U.S.C. § 1983, and state law claims against all five defendants. On February 22, 2017, Sanjeev Lath moved for default judgment against Gerard Dufresne. See doc. no. 50. On March 21, 2017, default was entered against Dufresne, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rule 55.1. See doc. no. 73. On July 25, 2017, Dufresne filed a pleading captioned "Motion to Dismiss Defendant Gerard Dufresne of Default," document no. 116. Lath objects. For the reasons that follow, Dufresne's default is set aside, and Lath's motion for default judgment is denied.

As noted, the default against Dufresne was entered pursuant to Rule 55(a). The Federal Rules also provide that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ.

P. 55(c). Rule 55(c), in turn, "as an 'express[ion of] the traditional inherent equity power of the federal courts,' permits the consideration of a panoply of 'relevant equitable factors.'" KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2692 (1998); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). The KPS court went on to describe the competing values and policies that are served by the procedural mechanism of default:

> On the one hand, it "provide[s] a useful remedy when a litigant is confronted by an obstructionist adversary," and "play[s] a constructive role in maintaining the orderly and efficient administration of justice." Enron, 10 F.3d at 96. It furnishes an invaluable incentive for parties to comply with court orders and rules of procedure. See Fed. R. Civ. P. 37(b)(2)(C). It encourages the expeditious resolution of litigation and promotes finality. See Wright, Miller & Kane, supra, § 2693. On the other hand, countervailing considerations include the goals of "resol[ving] cases on the merits," Key Bank of Me. v. Tablecloth Textile Co., 74 F.3d 349, 356 (1st Cir. 1996), and avoiding "harsh or unfair result[s]." Enron, 10 F.3d at 96.

318 F.3d at 12-13. The KPS court also identified the following factors that a court may consider when determining whether to set aside a default:

> (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of

>     money involved; (7) the timing of the motion [to set
>     aside entry of default].

Id. at 12 (quoting McKinnon v. Kwong Wah Rest., 83 F.3d 498, 503 (1st Cir. 1996)).

Under the circumstances of this case, Dufresne's default should be set aside. Dufresne is appearing pro se. He is a defendant in this case and in 16-cv-463-LM, both of which were filed by Lath, and Dufresne has actively participated in the litigation of 16-cv-463-LM. Lath himself has on multiple occasions conflated this case with 16-cv-463-LM by filing documents in one case that actually pertain to the other one. Thus, Dufresne's failure to answer Lath's complaint in this case is less likely due to willful conduct and more likely the result of a litigation landscape that has been complicated by Lath's carelessness.

This case is still in the early stages of litigation, and the only "prejudice" to Lath that will result from setting aside Dufresne's default will be the loss of what amounts to a windfall resulting from a pro se defendant's apparent confusion in the face of a case that is being prosecuted in a way that appears to foster confusion. Moreover, while default was entered against Dufresne for failing to abide by the Federal Rules, he has not violated any court order, and there is nothing in the record that suggests that he is acting as an

"obstructionist adversary," KPS, 318 F.3d at 13. Similarly, the court can discern no basis for concluding that Dufresne has been operating in bad faith. In short, the equities of this case and the court's general preference for resolving cases on their merits both counsel in favor of setting aside Dufresne's default.

Accordingly, Dufresne's default is set aside, and document no. 116 is construed as an answer to Lath's First Amended Complaint, document no. 24, which is the operative complaint in this case. That said, the court cautions Dufresne that as this case moves forward, he should take care to abide by the applicable rules of procedure, and should not count on the court's willingness to overlook future procedural miscues.

Finally, in the interest of clarity, the court notes that Lath has asserted only two claims in this case against Dufresne: (1) a claim for unlawful wiretapping, in violation of New Hampshire Revised Statutes Annotated ("RSA") 570-A, asserted in Cause 17; and (2) a claim for civil conspiracy, asserted in Cause 19. Those are the only claims against which Dufresne must defend himself. That said, the court observes that at several points in document no. 116, Dufresne appears to argue that Lath's claims against him should be dismissed. He does not, however, make any arguments that are cognizable under Rule

12(b)(6) of the Federal Rules.  Thus, dismissal of Lath's claims against Dufresne is not appropriate at this point.

In sum, Lath's motion for default judgment, document no. 50, is denied, and Dufresne's motion to set aside his default, document no. 116, is granted to the extent that his default is set aside, but is denied to the extent that he seeks dismissal of the claims against him.  That denial is without prejudice to Dufresne's filing a proper motion to dismiss Causes 17 and 19, pursuant to Rule 12(b)(6) and the case law that interprets that rule.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 16, 2017

cc: Kevin E. Buchholz, Esq.
    Gary M. Burt, Esq.
    Gerard Dufresne, pro se
    Sanjeev Lath, pro se
    Bruce Joseph Marshall, Esq.
    Sabin R. Maxwell, Esq.
    Richard C. Nelson, Esq.
    Brendan D. O'Brien, Esq.
    James G. Walker, Esq.