```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

   v.                                    Civil No. 16-cv-534-LM
                                          Opinion No. 2017 DNH 164
Manchester Police Department,
Gerard Dufresne, Dorothy Vachon,
BMS CAT, and Amica Mutual
Insurance Company


**O R D E R**

This case now consists of one federal claim against the Manchester Police Department, brought through the vehicle of 42 U.S.C. § 1983, and state law claims against all five defendants. Plaintiff's sole claim against Dorothy Vachon is that she installed wiretapping devices in his unit at the Oak Brook Condominium ("Oak Brook"), in violation New Hampshire Revised Statute Annotated ("RSA") § 570-A. Before the court is Vachon's motion for summary judgment, to which Lath has not responded. For the reasons that follow, Vachon's motion for summary judgment is granted.

**I. Summary Judgment Standard**

"Summary judgment is appropriate when the record shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Walker v.

President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (quoting Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011); citing Fed. R. Civ. P. 56(a)).  "A genuine issue is one that can 'be resolved in favor of either party' and a material fact is one which 'has the potential of affecting the outcome of the case.'"  Walker, 840 F.3d at 61 (quoting Gerald v. Univ. of P.R., 707 F.3d 7, 16 (1st Cir. 2013); citing Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)).

When a court considers a motion for summary judgment, "[t]he evidence . . . must be viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor."  Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016) (citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 763 (1st Cir. 1994)).  "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists."  Cruz v. Mattis, 861 F.3d 22, 25 (1st Cir. 2017) (quoting Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir. 2006)).

## II. Background

Both Lath and Vachon own units at Oak Brook.  In his First Amended Complaint ("FAC"), Lath alleges that on or around

September 30, 2016, he "notic[ed] two holes created by Defendant Dorothy Vachon . . . inside [his] cabinet . . ., with an attached wiretapping device."  FAC (doc. no. 24) ¶ 30 (citation to the record omitted).  And he further alleges that "Vachon installed wiretapping devices from [her] unit[] extending into [his] unit with an intent to surreptitiously eavesdrop on [his] conversations . . . ."  Id. ¶ 255.  Based upon those allegations, Lath asserts a claim that Vachon is liable to him for violating RSA 570-A.

### III. Discussion

Vachon moves for summary judgment, arguing that she has produced undisputed evidence that she never installed a wiretapping device in his unit.  The court agrees.

RSA 570-A:11 provides a civil cause of action for damages to "[a]ny person whose telecommunication or oral communication is intercepted . . . in violation of this chapter."  In pertinent part, the New Hampshire wiretapping and eavesdropping statute makes it unlawful to willfully: (1) intercept "or endeavor to intercept, any telecommunication or oral communication," RSA 570-A:2, I(a); or (2) use "or endeavor to use, any electronic, mechanical, or other device to intercept any oral communication," RSA 570-A:2, I(b), under certain specified circumstances, see RSA 570-A:2, I(b)(1)-(3).

In support of her motion for summary judgment, Vachon has produced an affidavit in which she testified that: (1) she once lived in the unit next to Lath's unit at Oak Brook; (2) the two units shared a common wall; (3) she "never created holes in the common wall . . . for any purpose, let alone for installing listening devices to record, intercept, wiretap or eavesdrop on Mr. Lath or conversations in [his] unit," Def.'s Mem. of Law, Ex. A (doc. no. 101-2) ¶ 4; (4) she "never installed any device in Mr. Lath's condominium unit or in the common wall . . . to record, intercept, wiretap or eavesdrop on Mr. Lath or conversations in [his] unit" id. ¶ 5; and (5) she "never used or attempted to use any device to record, intercept, wiretap or eavesdrop on Mr. Lath or conversations in [his] unit," id. ¶ 6. Vachon testified to similar effect during a deposition in a case brought by Lath in the Hillsborough County Superior Court. See Def.'s Mem. of Law, Ex. B (doc. no. 101-3) 3-4 of 5.

As the court has noted, Lath has not responded to Vachon's motion for summary judgment. Necessarily, he has not "demonstrate[d], through submissions of evidentiary quality, that a trialworthy issue persists." Cruz, 861 F.3d at 25. Because the undisputed factual record demonstrates that Vachon did not violate RSA 570-A:2, she is entitled to judgment as a matter of law on Lath's eavesdropping claim.

## IV. Conclusion

Because Vachon is entitled to judgment as a matter of law on Lath's eavesdropping claim, her motion for summary judgment, document no. 101, is granted. Moreover, as there are now no claims remaining against Vachon, she is dismissed from this case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 28, 2017

cc: Kevin E. Buchholz, Esq.
Gary M. Burt, Esq.
Gerard Dufresne, pro se
Sanjeev Lath, pro se
Bruce Joseph Marshall, Esq.
Sabin R. Maxwell, Esq.
Richard C. Nelson, Esq.
Brendan D. O'Brien, Esq.
James G. Walker, Esq.