```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

   v.                                            Civil No. 16-cv-534-LM
                                                 Opinion No. 2017 DNH 225
Manchester Police Department,
Gerard Dufresne, BMS CAT, and
Amica Mutual Insurance Company


**O R D E R**

This case now consists of one federal claim against the Manchester Police Department ("MPD") and/or the City of Manchester ("City"), brought through 42 U.S.C. § 1983, and state law claims against all four defendants. Before the court is a motion to dismiss filed by the MPD. Lath objects. For the reasons that follow, the motion to dismiss is granted.

Before turning to the merits of the pending motion, the court notes that the docket entries in this case illustrate some confusion over the identity of the municipal defendant.[1]

---

[1] The heading of Lath's First Amended Complaint ("FAC") lists "City of Manchester NH" as a defendant. Paragraph 2 refers to "Defendant, City of Manchester, New Hampshire, Police Department," while paragraph 3 refers to "Defendant City of Manchester." The heading of Cause 1 indicates that the claim described therein is being asserted against the City, while two paragraphs later, the FAC refers to "Defendant Manchester Police Department," FAC ¶ 120. Beyond that, the docket shows that Lath served his original complaint on the City, see doc. no. 12, which answered it, see doc. no. 20. However, the same defendant's answer to Lath's FAC bears this caption: "Defendant

However, the court need not resolve that confusion because even under the resolution most favorable to Lath, i.e., a determination that the municipal defendant is the City rather than the MPD,[2] Lath's § 1983 claim must be dismissed. That said, and notwithstanding its prior practice to the contrary, in the balance of this order, the court will refer to the municipal defendant as "the City."

In Cause 1 of his First Amended Complaint ("FAC"), Lath claims that the City violated his right to equal protection, under the Fourteenth Amendment to the U.S. Constitution because: (1) the MPD took 30 minutes to respond to a burglar alarm from his unit at the Oak Brook Condominium ("Oak Brook"), but responded more quickly to calls from other residents of Oak Brook; (2) MPD officers refused to take information from him when he reported three incidents, but responded promptly to complaints from other Oak Brook residents; and (3) various MPD records characterize him as a "mental subject."

---

City of Manchester's (Manchester Police Department) Answer to Plaintiff's First Amended Complaint." Doc. no. 46, at 1. Then, in document no. 111, Attorney Kevin Buchholz appeared as counsel for the "City of Manchester," while in document no. 139, he withdrew as counsel for the "Manchester Police Department."

[2] Such a determination is more favorable to Lath because "a municipality is subject to suit pursuant to 42 U.S.C. § 1983 [while] a municipal police department is not." Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) (citation omitted).

The City moves to dismiss, arguing that Lath has not stated a claim for municipal liability under § 1983, and that even if he has, he has not stated a cognizable equal protection claim. The City's first argument carries the day.

Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983. Moreover, despite the statute's reference to "[e]very person . . . ." (emphasis added), it is well established that "a municipality is subject to suit pursuant to 42 U.S.C. § 1983." Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008). However, the scope of municipal liability under § 1983 is circumscribed by Monell v. Department of Social Services, 436 U.S. 658 (1978). As Judge Underhill explained in Petaway:

> [A] municipality may be liable for allegedly unconstitutional acts of a municipal employee if [the plaintiff] was subjected to the denial of his constitutional rights as a result of an official policy or custom. See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. See Monell, 436 U.S. at 694-95. There must be "a direct causal link between a municipal policy or custom, and the alleged

constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

541 F. Supp. 2d at 514 (parallel citations omitted); see also Burnham v. Dudley Dist. Court, Civ. Nos. 15-40031-DHH & 15-40032-DHH, 2015 WL 5698418, at *2 (D. Mass. Sept. 28, 2015) ("pleading a § 1983 claim against a municipality requires more than enumerating the alleged wrong-doings of its employees . . . [w]here the defendant is a municipality . . . the plaintiff must show that the 'execution of a government's policy or custom . . . inflict[ed] the injury'") (quoting Monell, 436 U.S. at 694).

Lath's FAC does not state a Monell claim against the City. He makes no allegations about any official policy or custom that was the cause of the constitutional violations he claims. Rather, he merely asserts that the City is liable for the actions of various MPD officers on a theory of respondeat superior, which is "[t]he doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency," Black's Law Dictionary 1505 (10th ed. 2014). That, however, falls short of stating a § 1983 claim against the City. See Petaway, 541 F. Supp. 2d at 514; Burnham, 2015 WL 5698418, at *2. Accordingly, the § 1983 claim that Lath asserts against the City in Cause 1 is dismissed.

4

Dismissal, however, is without prejudice to Lath's filing a motion for leave to amend his FAC, within 20 days of the date of this order, to assert a Monell claim against the City. In asserting such a claim, Lath "must clearly identify (1) the alleged unconstitutional conduct of the [City]'s employees; and (2) how the employees' conduct was the result of a policy or custom of the [City]." Burnham, 2015 WL 5698418, at *3 (emphasis added). If Lath does not file a motion for leave to amend within 20 days of the date of this order, or if he files such a motion but fails to adequately state a Monell claim, the court will dismiss Cause 1 with prejudice.

In addition, in the event that the court dismisses Cause 1 with prejudice, the court will decline to exercise supplemental jurisdiction over any state law claims that Lath asserts against Gerard Dufresne. That is because those claims are not sufficiently related to Lath's claims against the two defendants that would remain in the case (BMS CAT and Amica Mutual Insurance Company) to provide a basis for supplemental jurisdiction over them. See 28 U.S.C. § 1367(a) (extending supplemental jurisdiction to "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). That means

that if Cause 1 is dismissed with prejudice, the claims against Dufresne will also be dismissed.

    SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 19, 2017

cc:   Kevin E. Buchholz, Esq.
      Gary M. Burt, Esq.
      Samantha Dowd Elliott, Esq.
      Sanjeev Lath, pro se
      Bruce Joseph Marshall, Esq.
      Sabin R. Maxell, Esq.
      Richard C. Nelson, Esq.
      Brendan D. O'Brien, Esq.
      James G. Walker, Esq.
      Gerard Dufresne, pro se