```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

   v.                                                   Civil No. 16-cv-534-LM
                                                         Opinion No. 2017 DNH 249

City of Manchester, NH;
Gerard Dufresne; BMS Cat; and
Amica Mutual Insurance Company

# **O R D E R**

This case now consists of one federal claim against the Manchester Police Department ("MPD") and/or the City of Manchester ("City"), brought through the vehicle of 42 U.S.C. § 1983, plus state law claims against all four defendants. Against Gerard Dufresne, Sanjeev Lath asserts claims for: (1) unlawful wiretapping and/or eavesdropping, in violation of New Hampshire Revised Statutes Annotated ("RSA") § 570-A (Cause 17); and (2) civil conspiracy (Cause 19). Before the court is Dufresne's motion to dismiss. Lath objects. For the reasons that follow, Dufresne's motion to dismiss is granted in part and denied in part.

## **I. The Legal Standard**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the

factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II. Background

In his First Amended Complaint ("FAC"), plaintiff makes the following relevant allegations:

> Plaintiff Lath believes, and on that basis alleges that on or around September 30, 2016, after noticing two holes created by Defendant Dorothy Vachon, a.k.a. Doris Vachon, and a third hole, inside Lath's cabinet . . ., with an attached wiretapping device, Lath called the Manchester Police Department, to file a criminal report in the matter.
>
> . . . .
>
> Plaintiff Lath believes, and on that basis, alleges that Defendants Warren Titus Mills, Christos Arthur Klardie, Gerard Paul Dufresne and Dorothy M. Vachon installed wiretapping devices from their units extending into Lath's unit with an intent to surreptitiously eavesdrop in Lath's conversations . . . .
>
> . . .

>     Gerard Paul Dufresne and Christos Arthur Klardie,
> obtained a copy of keys to Lath's unit under false
> pretenses and refused to return same.
>
>     Dufresne and Klardie installed wiretapping
> devices and transmitters, in Lath's cabinets within
> Lath's unit, with the intent to harass Lath, and
> eavesdrop upon Lath's conversations.
>
>     . . .
>
>     Plaintiff Lath believes and on that basis,
> alleges that Defendants may have eavesdropped upon
> classified conversations and meetings, which Lath
> conducts from his home . . . .

FAC (doc. no. 24) ¶¶ 30, 255, 259, 260, 262.

As noted, Lath asserts two claims against Dufresne, one for violating RSA 570-A, and one for civil conspiracy.

### III. Discussion

Dufresne moves to dismiss both of Lath's claims against him. In this section, the court considers each claim in turn.

#### A. RSA 570-A

Under New Hampshire law, it is a class B felony for any person, "without the consent of all parties to [a] communication," to:

>    (a) Wilfully intercept[], endeavor[] to intercept,
> or procure[] any other person to intercept of endeavor
> to intercept, any telecommunication or oral
> communication; [or]
>
>    (b) Wilfully use[], endeavor[] to use, or procure[]
> any other person to use or endeavor to use any

3

electronic, mechanical, or other device to intercept any oral communication when:

    (1) Such device is affixed to, or otherwise transmits a signal through a wire, cable, or other like connection used in telecommunication . . .

RSA 507-A:2, I.  The statute further provides that

[a]ny person whose telecommunication or oral communication is intercepted, disclosed, or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose or use such communications . . . .

RSA 570-A:11.

The allegations in paragraphs 255, 260, and 262 of plaintiff's FAC, quoted above, are sufficient to set forth a plausible claim that Dufresne is liable to Lath under RSA 570-A:11.  Accordingly, as to Cause 17, Dufresne's motion to dismiss is denied.

### B. Civil Conspiracy

The contours of plaintiff's civil conspiracy claim are not quite as clear as those of his RSA 570-A claim.  This is plaintiff's civil conspiracy claim, in its entirety:

Plaintiff is informed and believes and on that basis alleges that (a) the Defendant, its agents and/or employees, and each of them ("conspirators"), committed the unlawful, tortious acts complained herein above, in this cause of action, in all Counts, jointly and in individual capacity as actors in a civil conspiracy (b) to harass the Plaintiff and cause

4

> the Plaintiff financial, emotional and mental injury, and cause damage to Plaintiff's property and reputation (c) and such purposes were either achieved under the pretext and guise of fulfilling the covenants of the Condominium instruments, or such acts, that are complained herein above, were negligently purported by the coconspirators (d) that the coconspirators had an agreement on their course of action (e) and all such alleged actions and conduct of the coconspirators, as complained in counts 1 thru 17 above, inclusive, were tortious and unlawful.

FAC ¶ 277.  In other words, Cause 19 is a claim that more than a dozen individuals conspired to commit approximately 20 different unlawful acts against Lath.

Having described plaintiff's civil conspiracy claim, the court turns to the relevant law:

> [U]nder New Hampshire law, the elements of a civil conspiracy are: "(1) two or more persons . . .; (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987).

In re Armaganian, 147 N.H. 158, 163 (2001) (parallel citation and emphasis omitted).

A comparison of plaintiff's factual allegations and the elements of a claim for civil conspiracy demonstrates the insufficiency of Cause 19.  While "a complaint need not set forth 'detailed factual allegations,' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), . . . it must 'contain

5

sufficient factual matter . . . to state a claim that is plausible on its face,' Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)." Privitera v. Curran (In re Curran), 855 F.3d 19, 25 (1st Cir. 2017) (parallel citations omitted).  Thus, "[i]f the facts articulated in the complaint are 'too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture,' the complaint is vulnerable to a motion to dismiss."  Id. (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)).  Here, even when Cause 19 is read with all the indulgence that must be afforded a pro se pleading, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), Cause 19 falls short of the mark.  Indeed, Cause 19 barely rises to the level of a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements."  Labor Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey, 844 F.3d 318, 327 (1st Cir. 2016)).  That is not sufficient to state a claim upon which relief can be granted.  See id.

Even if Cause 19 were generally sufficient to state a claim under the Iqbal standard, which it is not, there are two specific aspects of that claim that would entitle Dufresne to the dismissal of Cause 19.  At one level, the claim that plaintiff sets out in Cause 19 is a catch-all in which he asserts that all the defendants identified in Causes 1 through

6

18 had conspired to commit all the unlawful acts alleged therein.  But, at the same time, Cause 19 identifies the coconspirators as "the Defendant, its agents and/or employees, and each of them."  FAC ¶ 277.  Because Lath nowhere alleges that Dufresne ever had agents or employees, or was himself an agent or employee of any other entity named as a defendant in this case, plaintiff has failed to adequately allege that Dufresne is one of the coconspirators.  Similarly, plaintiff asserts that the conspiracy's "purposes were . . . achieved under the pretext and guise of fulfilling the covenants of the Condominium instruments," id., but nowhere alleges that Dufresne had any role in fulfilling any covenant of the condominium instruments involving duties owed to Lath.  Because Lath does not allege that Dufresne was either a principal/employer or an agent/employee, and does not allege that Dufresne had any role in performing the obligations owed by the Oak Brook Condominium Owners' Association under the condominium instruments, Lath has failed to adequately allege that, as a factual matter, Dufresne was a member of the conspiracy he alleges in Cause 19.

    In sum, because plaintiff's civil conspiracy claim against Dufresne fails both generally and specifically, as to Cause 19, Dufresne's motion to dismiss is granted.

## IV. Conclusion

For the reasons detailed above, Dufresne's motion to dismiss, document no. 183, is granted in part and denied in part. As this case moves forward, Lath's only claim against Dufresne is the wiretapping claim he states in Cause 17.

SO ORDERED.

                                                        Landya McCafferty
                                                        United States District Judge

December 14, 2017

cc:   Kevin E. Buchholz, Esq.
      Gary M. Burt, Esq.
      Samantha Dowd Elliott, Esq.
      Gerard Dufresne, pro se
      Sanjeev Lath, pro se
      Bruce Joseph Marshall, Esq.
      Sabin R. Maxwell, Esq.
      Richard C. Nelson, Esq.
      Brendan D. O'Brien, Esq.
      James G. Walker, Esq.