UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Sanjeev Lath

    v.                                              Civil No. 16-cv-534-LM
                                                    Opinion No. 2018 DNH 075
City of Manchester, NH;
Gerard Dufresne; BMS Cat; and
Amica Mutual Insurance Company


**O R D E R**

Before the court is Sanjeev Lath's motion for leave to amend his First Amended Complaint ("FAC") to add a claim for defamation against Gerard Dufresne. Dufresne has not objected. For the reasons that follow, Lath's motion is denied.

**I. The Legal Standard**

Under the circumstances of this case, Lath "may amend [his complaint] only with [Dufresne's] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Dufresne has not given his written consent, so Lath may amend his complaint only with leave of the court.

Leave to amend should be freely given "when justice so requires." Id. Even so, "a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's

part." Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 20 (1st Cir. 2017) (quoting Nikitine v. Wilmington Trust Co., 715 F.3d 388, 390 (1st Cir. 2013); citing Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006); Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation marks and brackets omitted). For the purposes of Rule 15(a)(2), "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993); Vargas v. McNamara, 608 F.2d 15, 17 (1st Cir. 1979)).

A complaint fails to state a claim upon which relief can be granted when the allegations in it, and all reasonable inferences that support the plaintiff's claim, are taken as true but still do not present "sufficient factual material to state a facially plausible claim." Vargas-Colón v. Fundación Damas, Inc., 864 F.3d 14, 23 (1st Cir. 2017) (citing O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016)). "[I]f the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." Abraham v. Woods Hole Ocean. Inst., 553 F.3d 114,

117 (1st Cir. 2009) (quoting Bos. & Me. Corp. v. Hampton, 987 F.2d 855, 868 (1st Cir. 1993)).

## II. Discussion

Lath's proposed amendment would be futile because it does not assert an actionable defamation claim. It fails to do so for two different reasons.

Under New Hampshire law, defamation consists of a "fail[ure] to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff[s] to a third party." Gould v. No. Human Servs., No. 2015-0696, 2016 WL 5831602, at *2 (N.H. Aug. 22, 2016) (quoting Indep. Mech. Contractors v. Gordon T. Burke & Sons, 138 N.H. 110, 118 (1993)) (brackets in Gould).

Lath bases his proposed defamation claim on the following statements, which appear in a motion to dismiss that Dufresne filed in this case:

> Lath **created** a **false persona** named **Vachon** by which Dufresne opines are **effects** of *extenuating circumstances* of *events* created by Lath, which are the results of, Capgras and/or Fregoli Delusions, and/or Delusional Misidentification Syndrome (DMS), from Dufresne removing himself from Lath's control when Dufresne was a tireless Co-Plaintiff **with** Lath, to Lath not being able to relinquish that control.
>
> . . . .
>
> Lath's psychiatric-neurological linguistic wordsmithing response. . . . Dufresne knowing Lath's

3

> psychiatric-neurological linguistic wordsmithing, obtained proof that was verified by the Superior Court manager of the records department, that the docket record for *September 12, 2017*, was there was no hearing scheduled, or held, for Lath on that date. . . . Lath's exhibits show definite links to what Dufresne opines as Capgras/Fregoli/(DMS) Syndromes.

Def.'s Mot. to Dismiss (doc. no. 183) ¶¶ 4 & 7 (emphasis in the original).[1]

The first problem with Lath's defamation claim is that the statements on which it is based are absolutely privileged. In a decision affirming the trial court's dismissal of claims for negligent misrepresentation and fraud, the New Hampshire Supreme Court explained:

> It is well-settled in New Hampshire that "certain communications are absolutely privileged and therefore immune from civil suit." Pickering v. Frink, 123 N.H. 326, 328, 461 A.2d 117, 119 (1983); see McGranahan v. Dahar, 119 N.H. 758, 762-63, 408 A.2d 121, 124 (1979). Statements made in the course of judicial proceedings constitute one class of communications that is privileged from liability in civil actions if the statements are pertinent or relevant to the proceedings. See Pickering, 123 N.H. at 329, 461 A.2d

---

[1] Dufresne's motion also includes the following related statement, which Lath did not quote in his motion:

> Email dated November 2, 2017 is substantiated, incontrovertible evidence of what Dufresne opines as **Delusional Misidentification Syndrome (DMS),** whereas Lath **names** the *Defendant* **target**, **persona**, Gerard **Vachon**, **nine (9) times** and **never even once**, names Gerard **Dufresne**, who was previously a tireless *Co-Plaintiff with* Lath.

Def.'s Mot. to Dismiss (doc. no. 183) ¶ 5 (emphasis in the original).

4

>     at 119; McGranahan, 119 N.H. at 763, 408 A.2d at 124;
>     cf. Supry v. Bolduc, 112 N.H. 274, 276, 293 A.2d 767,
>     769 (1972) (determining statements made during a
>     public hearing were not absolutely privileged because
>     the hearing did not have all the hallmarks of a
>     judicial proceeding). "A statement is presumed
>     relevant unless the person allegedly [injured]
>     demonstrates that it was so palpably irrelevant to the
>     subject matter of the controversy that no reasonable
>     man can doubt its irrelevancy or impropriety."
>     McGranahan, 119 N.H. at 766, 408 A.2d at 126
>     (quotation omitted).

Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848, 853 (1998). While Provencher involved claims for negligent misrepresentation and fraud, the New Hampshire Supreme Court has held that the litigation privilege bars defamation claims arising from statements in civil pleadings. See McGranahan, 119 N.H. 765-67.

Here, it would be futile to amend Lath's FAC to add his proposed defamation claim against Dufresne because that claim is based upon statements that are subject to the litigation privilege. That is the case because those statements were made in a pleading submitted to this court. Lath argues that the statements at issue are not subject to the litigation privilege because they "are irrelevant, not only to [Dufresne's] Motion to dismiss, but to this suit as well." Pl.'s Mot. for Leave (doc. no. 234) 8. The court does not agree.

As the Provencher court explained, relevance is presumed, and that presumption must be rebutted by the party challenging the applicability of the litigation privilege. See 142 N.H. at

5

853. Lath goes no further than to make a conclusory statement that the statements at issue are irrelevant, which is insufficient to rebut the presumption of relevance.  Moreover, Dufresne's motion itself demonstrates the relevance of his speculation about what he refers to as "delusional misidentification syndrome": Lath's frequent references to him as Gerard Vachon.  That practice began in the caption of Lath's original complaint in this case, where Lath named as a defendant "Gerard Paul Dufresne a.k.a. Gerard Vachon."  Compl. (doc. no. 1) 1.  Lath's references to Dufresne as Vachon have been a theme running through both this case and another one of Lath's cases in this court.  See, e.g., Second Am. Compl. ¶ 106, Lath v. Oak Brook Condo. Owners' Ass'n, No. 16-cv-463-LM (D.N.H. Jan. 6, 2017), ECF No. 48-1 ("Lath . . . alleges that Gerard Dufresne a.k.a. Gerard Vachon (Compare Ex-339 and Ex-340) obtained . . . certain tangible property of Lath").[2]  In short, Lath has not carried his burden of rebutting the presumption of relevance that attaches to Dufresne's statements about the possible reasons why Lath has referred to him, in various court filings, as Gerard Vachon.

---

[2] The two exhibits that Lath cited are: (1) a Uniform Business Report for the year 2000 filed with the Florida Secretary of State by the Lone Pine Mobile Village Homeowners Association; and (2) a Florida marriage license issued in 1993.

Moreover, even if Dufresne's statements were not privileged, they do not appear to be capable of supporting a defamation claim. Dufresne himself has characterized the statements at issue, at least three times, as opinions. See Def.'s Mot. to Dismiss (doc. no. 183) ¶¶ 4, 5 & 7. Lath, in turn, acknowledges that "Dufresne concedes that the statements that he made are his 'opinion.'" Pl.'s Mot. for Leave (doc. no. 234) 8. That view of Dufresne's statements, shared by both Dufresne and Lath, is legally significant because "[a] statement of opinion is not actionable [as defamation] unless it may reasonably be understood to imply the existence of defamatory fact as the basis for the opinion." Thomas v. Tel. Publ'g Co., 155 N.H. 314, 338 (2007) (citing Nash v. Keene Publ'g Corp., 127 N.H. 214, 219 (1985); Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19 (1990)).

Here, by pointing out that Dufresne is unqualified to make a medical diagnosis, Lath himself makes the case that Dufresne's statements cannot reasonably be understood as implying the existence of an underlying defamatory fact. Beyond that, in addition to characterizing his statements as opinions, virtually every time he made them, Dufresne said nothing in his motion that would make it reasonable for a reader to infer that his opinions were actually statements of fact. To the contrary the

7

form and content of Dufresne's motion, which are best described as unconventional, make it highly unreasonable for a reader to conclude that Dufresne was stating anything other than an uninformed lay opinion on Lath's mental health. And an opinion is insufficient to support a defamation claim. See [Thomas, 155 N.H. at 338](Thomas).

In sum, the amendment that Lath proposes would be futile for two reasons. First, the statements on which Lath seeks to base his defamation claim are absolutely privileged. But, even if they were not, they are statements of opinion that would not support a defamation claim.

### III. Conclusion

For the reasons described above, Lath's motion for leave to amend his complaint, document no. [234](), is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 9, 2018

cc: Counsel and pro se parties of record.