```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

   v.                                              Civil No. 16-cv-534-LM
                                                    Opinion No. 2018 DNH 078

City of Manchester, NH;
Gerard Dufresne; BMS CAT; and
Amica Mutual Insurance Company


## **O R D E R**

In a previous order, document no. 149, the court dismissed a Fourteenth Amendment equal protection claim asserted by Sanjeev Lath against the City of Manchester, New Hampshire ("City"), through the vehicle of 42 U.S.C. § 1983. Specifically, the court ruled that Lath had not stated a claim for municipal liability under the principles set out in Monell v. Department of Social Services, 436 U.S. 658 (1978). However, dismissal was without prejudice to Lath's moving for leave to amend his First Amended Complaint. Now before the court is Lath' motion for leave to file a Second Amended Complaint ("SAC") in which he proposes to assert, as Cause 1, a Monell claim against the City. For the reasons that follow, Lath's motion is denied and, as a consequence, the City, Gerard Dufresne, and all of Lath's claims against those two defendants are dismissed from this case.

**I. The Legal Standard**

Under the Federal Rules of Civil Procedure, after the expiration of the time for amending a complaint as a matter of course, see Fed. R. Civ. P. 15(a)(1), leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). That general rule applies "absent an apparent or declared reason such as 'futility of amendment.'" Rife v. One West Bank, F.S.B., 873 F.3d 17, 20-21 (1st Cir. 2017) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). For the purposes of a Rule 15(a)(2) analysis, "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Rife, 873 F.3d at 21 (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)) (internal quotation marks omitted). To state a claim upon which relief can be granted, a complaint must "contain[] sufficient factual material to state a facially plausible claim." Vargas-Colón v. Fundación Damas, Inc., 864 F.3d 14, 23 (1st Cir. 2017) (citing O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016)).

**II. Discussion**

In its previous order, the court explained to Lath that to state a cognizable Monell claim against the City, he "must clearly identify (1) the alleged unconstitutional conduct of the

[City]'s employees; and (2) how the employees' conduct was the result of a policy or custom of the [City]." Doc. no. 149 at 5 (quoting Burnham v. Dudley Dist. Court, Civ. Nos. 15-40031-DHH & 15-40032-DHH, 2015 WL 5698418, at *2 (D. Mass. Sept. 28, 2015)). However, even when this court "view[s] all the factual allegations in [Cause 1 of Lath's proposed SAC] as true, [and] draw[s] all reasonable inferences in [his] favor," Vargas-Colón, 864 F.3d at 23, he does not state a plausible Monell claim.

The court of appeals for this circuit has recently described the essential elements of a Monell claim:

> In Monell . . . the Supreme Court taught that a "[l]ocal governing body . . . can be sued directly under § 1983 . . . [when it] unconstitutional[ly] implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." [436 U.S. at 690]. However, the Court went on to hold that
>
>> the language of § 1983, read against the background of the legislative history . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort . . . . [I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Massó-Torrellas v. Mun. of Toa Alta, 845 F.3d 461, 468-69 (1st Cir. 2017) (quoting Monell, 436 U.S. at 691-94).

With those principles in mind, the court turns to the Monell claim Lath asserts in his amended Cause 1. To begin, Lath alleges that various members of the Board of Directors of the Oak Brook Condominium Owners' Association "made several calls to the chief of police alleging that Lath was 'threatening' other residents and was 'mentally unstable.'" Doc. no. 152-1 at ¶ 7. He further alleges that one Board member "asked [the] Manchester Police [D]epartment ["MPD"] for a 'wellness check,'" id. at ¶ 8, and that "[s]imilar calls were made by board members, both past and present . . . where the board members alleged Lath to be 'suicidal,'" id. at ¶ 11. Thereafter, "when Officers Andrew Choi and Austin Goodman visited Lath upon a complaint of stalking from Gail Labuda, Choi stated in his report that 'it has to be noted that Lath has been flagged as having a mental illness.'" Id. at ¶ 13. Lath alleges that similar notations appear in other reports generated by the MPD. This is the crux of Lath's Monell claim:

> Such widespread practice, which has become so established within the departments of noting a person's disability or mental illness, and thereby characterizing them as "mental subject" or "unstable", biases the officers' judgments, by not believing the person, in the narration of their version of events, or undermine their credibility vis-à-vis a person who is not flagged as a "mental subject."

Id. at ¶ 16.

The problem with Lath's Cause 1, as amended, is that it fails to allege facts showing that the conduct he complains of resulted from a municipal policy. Indeed, Lath foreshadows the deficiency in his amended Cause 1 in his motion for leave to amend, in which he states that he is moving

> to file his Second Amended Complaint ("SAC") to allege a Monell claim by stating how the employees for the City of Manchester thru its various departments classified Lath as a mental subject thereby undermining and denying Lath . . . his constitutional rights of due process and equal protection under the Law.

Doc. no. 152 at ¶ 2. While he mentions the conduct on which he bases his claim, he says nothing about any City policy that precipitated the conduct of which he complains.

That pattern continues in Lath's proposed SAC. Lath complains that various MPD officers labeled him as a "mental subject" in reports they prepared, but says nothing about any City policy directing them to do so. Rather than making any allegations about a City policy, Lath merely refers to a "widespread practice," doc no. 152-1 at ¶ 16, but those references are too vague and conclusory to satisfy the municipal policy element of a <u>Monell</u> claim, and the facts that Lath alleges to establish the pervasiveness of the practice he refers to relate exclusively to his own encounters with the MPD. Thus, "the record does not contain any plausible allegations that the

5

[City] was acting . . . pursuant to any statute, ordinance, regulation, or custom," Massó-Torrellas, 845 F.3d at 469, when its police officers described Lath as a "mental subject."

This case has much in common with Massó-Torrellas, in which the court of appeals explained:

> There is no allegation in the Complaint that the Municipality acted pursuant to a statute, ordinance, or regulation. The complaint did state that the Municipality implemented "customs and policies" which caused the plaintiffs' injuries. There was no further development of this bare assertion in the Complaint regarding any specific Municipality actions undertaken pursuant to its customs and policies. In Rosaura Building Corp. v. Municipality of Mayaguez, 778 F.3d 55 (1st Cir. 2015), this court affirmed the district court's dismissal of "claims against the municipal government under Monell, after it found that Rosaura failed to plead a scintilla of facts against that government entity . . . [about the] execution of a government's policy or custom." Id. at 61-62, 69 (citation omitted). Here, given the record, we similarly conclude that there is no sufficient allegation that the Municipality acted under color of law.

845 F.3d at 469 (citation to the record omitted). Unlike the plaintiff in Massó-Torrellas, who at least made a bare assertion that a municipal defendant had implemented customs and policies that led to his injuries, Lath only alleges what individual City employees did; he makes no allegations that the City ever implemented anything. But, as the court explained in its previous order, "pleading a § 1983 claim against a municipality requires more than enumerating the alleged wrong-doings of its

6

employees . . . [w]here the defendant is a municipality . . . the plaintiff must snow that the 'execution of a government's policy or custom . . . inflict[ed] the injury.'" Burnham, 2015 WL 5698418, at *2 (quoting Monell, 436 U.S. at 694).

Because Lath's proposed SAC does not adequately allege that he was injured as a result of any policy implemented by the City, his new Cause 1 does not state a claim upon which relief can be granted.

### III. Conclusion

Because Cause I of Lath's proposed SAC does not state a claim upon which relief can be granted, his motion for leave to amend his complaint, document no. 152, is denied. As a result, the City is dismissed as a defendant. In addition, because the City's motion for clarification asks the court to issue an order confirming that this case no longer includes any claims against it, that motion, document no. 244, is granted.

Moreover, the claims that Lath asserts against BMS CAT and Amica Mutual Insurance Company ("Amica"), which are the only other claims in this case over which the court has original jurisdiction, see 28 U.S.C. § 1332, are entirely unrelated to the claims that Lath asserts against the City in Causes 2 and 3 and to Lath's claim against Gerard Dufresne. Accordingly, the court does not have supplemental jurisdiction over those claims.

See 28 U.S.C. § 1367(a) (extending supplemental jurisdiction to "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Thus, Dufresne is also dismissed from this case.

Finally, based upon the foregoing, this case now consists of: (1) the conspiracy claim asserted against BMS CAT and Amica in Cause 19; (2) the claims asserted against BMS CAT in Causes 20 through 23; and (3) the claims asserted against Amica in Causes 24 through 27.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 17, 2018

cc: Counsel and pro se parties of record