UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                   Civil No. 16-cv-534-LM
                                          Opinion No. 2018 DNH 079

BMS Cat and Amica
Mutual Insurance Company

**O R D E R**

This case now consists of nine claims against two defendants, including four claims against BMS Cat ("BMS"), a company with which Sanjeev Lath contracted in the aftermath of a fire at his unit in the Oak Brook Condominium. Before the court is Lath's motion for summary judgment on Cause 22, which is a claim for common law conversion.[1] BMS objects on both procedural and substantive grounds. For the reasons that follow, Lath's motion for summary judgment is denied.

**I. The Legal Standard**

A movant is entitled to summary judgment where he "shows that there is no genuine dispute as to any material fact and [that he] is entitled to judgment as a matter of law." Fed. R.

---

[1] That claim is based upon Lath's allegations that during the performance of the services for which he had contracted, BMS: (1) disposed of some of his belongings without his permission; and (2) refused to return other belongings to him until he paid an outstanding bill.

Civ. P. 56(a). Moreover, under the Federal Rules of Civil Procedure, in summary judgment practice: (1) "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c)(1)(A); and (2) "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2). Finally, in this court, "[a] memorandum in support of a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue." LR 56.1(a). A similar requirement applies to memoranda in opposition to summary judgment motions. See LR 56.1(b).

## II. Discussion

BMS argues that Lath's motion should be denied because: (1) his memorandum does not comply with Local Rule 56.1(a); (2) none of the exhibits he attached to his motion are authenticated by affidavit or otherwise, which means that he has produced no admissible evidence to support his argument for summary

2

judgment; (3) even if the court were to accept Lath's evidence, he cannot establish each of the elements of his conversion claim by conclusive evidence; and (4) Lath's failure to pay BMS for the services it provided gave BMS the legal right to retain Lath's property.  In response, Lath concedes that "the requirements of [L]ocal Rule 56.1(a) [were] missed in oversight by Plaintiff," doc. no. 260 at 7, but he does not attempt to cure that oversight in his reply.  In any event, before making his concession regarding Local Rule 56.1(a), Lath challenges the format in which BMS provided discovery, attacks two of the affidavits that BMS submitted in support of its objection, and criticizes BMS's Local Rule 56.1(b) statement for being insufficiently specific.

BMS's first argument for denying Lath's motion carries the day.  As Lath concedes, his memorandum does not include the statement of facts required by Local Rule 56.1(a).  "Ordinarily, the appropriate remedy for such an omission is a denial of the motion."  Maryea v. Baggs, No. 13-cv-318-LM, 2016 WL 1060226, at *2 n.3 (D.N.H. Mar. 15, 2016).  The reason for that general rule is readily apparent; a Local Rule 56.1(a) statement provides the baseline for the legal analysis necessary to rule on a motion for summary judgment, and without a proper starting point, any consideration of the merits would, necessarily, have speculative quality, amounting to little more than an academic exercise.  In

3

any event, under the circumstances of this case, the court can see no reason for deviating from the normal course. Accordingly, Lath's motion for summary judgment is denied because his memorandum of law does not include a Local Rule 56.1(a) statement. That said, in the interest of aiding the parties by addressing issues that are adequately developed, and with the hope that guidance on these procedural issues will allow the parties to focus on substantive legal issues, the court turns to several matters that the parties have raised in their summary judgment briefing.

A. Lath's Evidence

In its objection, BMS argues that in addition to failing to produce a proper Local Rule 56.1(a) statement, Lath also failed to produce any properly authenticated evidence in support of his motion for summary judgment. The court agrees.

As BMS notes, Lath supports his summary judgment motion with 20 exhibits, mostly documents. Those exhibits, however, are not attached to an affidavit. That is a problem, because "[t]o be admissible at the summary judgment stage, documents must be authenticated and attached to an affidavit that meets the requirements of Rule 56(e) (personal knowledge and competency)." Bank of N.Y. Mellon v. Lezdey, Civ. No. 13-11118-MLW, 2016 WL 5539759, at *6 n.9 (D. Mass. Sept. 22, 2016) (quoting Rhodes v. JPMorgan Chase & Co., 562 F. Supp. 2d 186,

4

181 n.12 (D. Mass. 2008); citing Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000)). While Lath's failure to properly support his summary judgment motion would appear to be an independent ground for denying it, it is sufficient for the moment to remind Lath of the requirement for producing evidence that is admissible at summary judgment.[2]

In his reply to BMS's objection to his summary judgment motion, Lath argues that because BMS produced certain documents in discovery by e-mail, purportedly in violation of the court's scheduling order, BMS has waived any challenge to the authenticity of those documents. Lath cites no authority for that proposition, and the court is aware of none.

Lath further argues that BMS's challenge to the documents he attached to his motion should be rejected because he attached many of those documents to his complaint, and BMS did not challenge their authenticity in its answer. While it is true that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes," Fed. R. Civ. 10(c), incorporation of a document by reference into an

---

[2] In response to BMS's argument about the inadequacy of the manner in which he attempted to produce evidence to support his motion, Lath points out that several of the documents he produced, without an affidavit, were also produced by BMS in support of its objection. However, BMS's production of several of the same documents that Lath produced does nothing to negate BMS's argument, which is that none of Lath's exhibits are supported by an affidavit.

5

unverified complaint, such as the one in this case, does not make that document admissible at summary judgment, c.f. Barth v. City of Peabody, Civ. Action No. 15-13794-MBB, 2017 WL 114403, at *2 (D. Mass. Jan. 11, 2017) ("Because the complaint was not signed under the pains and penalties of perjury, it cannot be considered part of the summary judgment record.") (citing Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689-90 (1st Cir. 1993)).  Moreover, because a complaint merely recites factual allegations, BMS was under no obligation, in its answer, to challenge the authenticity of the documents that Lath attached to his complaint.

### B. BMS's Affidavits

In his reply, Lath challenges two of the three affidavits that BMS submitted in support of its objection to his motion for summary judgment.  While Lath's failure to properly produce evidence to support his motion means that BMS's obligation to produce evidence was never triggered in the first place, the court will, nevertheless respond to Lath's challenges to BMS's affidavits, in an effort to streamline any potential summary judgment briefing in the future.

### 1. Jimenez Affidavit

In support of its objection to Lath's motion for summary judgment, BMS produced the affidavit of Gustavo Jimenez, who

identified himself as the operations managers of BMS's Littleton, Massachusetts, office. Doc. no. 251-11 at ¶ 2. Lath argues that the court should disregard the Jimenez affidavit in its entirety because the acknowledgement of the notary public who signed it does not bear a seal and therefore runs afoul of the principles enunciated in Schelsteder v. Montgomery County, Texas, Civ. Action No. H-05-0941, 2006 WL 1117883 (S.D. Tex. Apr. 21, 2006). Lath is mistaken.

Neither Massachusetts law nor New Hampshire law appears to require a notary to affix a seal to a document to make his or her acknowledgment effective. See Mass. Gen. Law. § 222:8(a); N.H. Rev. Stat. Ann. § 455:3. But, more importantly, Lath relies upon a misunderstanding of Schelsteder. In that case, Judge Werlein stated:

> Plaintiffs have filed a number of witness statements that Plaintiffs' counsel characterize as "affidavits," but they are not sworn to nor are they statements made under penalty of perjury. The mere signing of a statement in the presence of a notary, or a notary's placement of an "acknowledgment" on a statement, does not constitute a sworn statement or affidavit. See Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1305-06 (5th Cir. 1988) (disregarding as summary judgment evidence a notarized, self-described "affidavit" that was "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury" so as to bring unsworn statement into compliance with 28 U.S.C. § 1746). Accordingly, the witness statements of [five named individuals] do not constitute summary judgment evidence under Fed. R. Civ. P. 56(c), and are not considered on the pending motion.

7

Schelsteder, 2006 WL 1117883, at *3 n.5 (emphasis added, citations to the record omitted); see also Inman v. Riebe, No. 2:15-cv-0080-JAW, 2016 WL 3102199, at *1 (D. Me. May 5, 2016), R. & R. adopted by 2016 WL 3129115 (D. Me. June 2, 2016) (observing that in previous order, district judge had noted the inadmissibility at summary judgment of affidavit that was not "subscribed to by the affiant under penalty of perjury"). The problem with Lath's reliance upon Schelsteder is that in the last line of his affidavit, Jimenez stated: "I declare under penalty of perjury that the foregoing is true and correct." Doc. no. 251-11 at 2. Because the Jimenez affidavit was a statement made under penalty of perjury, there is nothing in Schelsteter that would counsel in favor of disregarding it.[3] Thus, Lath's challenge to the Jimenez affidavit is meritless.

### 2. Smith Affidavit

In support of its objection to Lath's motion for summary judgment, BMS produced the affidavit of Robert Smith, who

---

[3] Like the affiant in Inman, Jimenez stated: "I have personal knowledge of the facts stated in this affidavit, and they are true and accurate to the best of my information and belief." Doc. no. 251-11 at ¶ 1. In Inman, Judge Nivison noted that similar language was problematic because it "qualified" the affiant's attestation. See 2016 WL 3102199, at *1. But later on in his affidavit in this case, Jimenez stated, unequivocally and under penalty of perjury, that the statements in his affidavit were true and correct. Accordingly, the apparent qualification in paragraph 1 of Jimenez's affidavit is cured by the unequivocal language of his attestation.

identified himself as BMS's treasurer.  See doc. no. 251-1 at ¶ 1.  Lath argues that the court should disregard: (1) paragraphs 6, 7, 8, 9, 11, and 13 of the Smith affidavit, because they cite business records, and Smith did not make the averments necessary to make those business records admissible; and (2) paragraphs 10, 12, and 14, because they consist of inadmissible hearsay.

With regard to Lath's first argument, the court is somewhat puzzled.  For example, Lath asks the court to disregard paragraphs 6, 7, and 8 of the Smith affidavit and/or strike the documents that Smith refers to in those paragraphs, but those paragraphs do nothing more than: (1) state that Lath signed three agreements with BMS; and (2) refer to copies of those agreements.  Given that Lath is suing BMS for breaching those agreements, and that he attached them to his complaint, the court is hard pressed to understand why Lath is asking the court, in his reply, to disregard or strike those agreements.  Rather than going through each of the six paragraphs in the Smith affidavit that Lath challenges, and the exhibits referred to therein, the court will simply take this opportunity to suggest that Lath may wish to think more carefully about the strategic value of the relief he seeks from the court.  Asking the court to disregard documents that memorialize the contracts he is suing on does not seem like a productive tactic.

Lath also asks the court to disregard paragraphs 10, 12, and 14 of the Smith affidavit on hearsay grounds. In paragraph 14, Smith testified about an e-mail that a BMS employee sent to Lath, and he attached a copy of that e-mail to his affidavit. Given that Lath attached a copy of that same e-mail to his motion for summary judgment, it is not clear why he asks the court to disregard it. In paragraph 12, Smith testified about an e-mail in which Lath notified a BMS employee that he wanted his belongings back, and he attached a copy of that e-mail to his affidavit. Given the content of that e-mail, it is not clear why Lath asks the court to disregard it; it would seem that a request by Lath for the return of his belongings would help rather than hurt his case. Finally, in paragraph 10, Smith testified about an e-mail from a BMS employee to other BMS employees in which he purportedly characterized a conversation he had with Lath. That e-mail, and Smith's testimony about it, may be problematic. Leaving aside a possible hearsay problem with the e-mail, Smith's affidavit says that "[t]he e-mail states that Lath gave BMS permission to dispose of the mattress, box springs, refrigerator, oven, and other items in the unit that had been damaged in the fire," doc. no. 251-1 at ¶ 10, but the e-mail actually says this: "Just got off the phone with the adjuster for Mr. Lath. He gave us the green light for the contents. We can dispose of the mattresses, box springs,

10

refrigerator, oven etc. . .," doc. no. 251-6 at 1 of 3. Obviously, Smith's apparent mischaracterization of the e-mail, i.e., the conflation of Lath and Lath's insurance adjuster, would be a problem if the testimony in paragraph 10 of the Smith affidavit were necessary for the court's decision to deny Lath's motion for summary judgment. But it is not. Accordingly, the court merely points out the incongruity between Smith's statement and the e-mail he describes in that statement, and leaves it to BMS to determine, if necessary, how to deal with this issue in the future.

### C. BMS's Local Rule 56.1(b) Statement

Finally, while Lath acknowledges that he violated Local Rule 56.1(a) by failing to provide any "short and concise statement of material facts," id., he asks the court to grant him summary judgment, on grounds that in the "short and concise statement of material facts," id., that BMS actually provided, BMS failed to give adequately precise citations to the record. The court declines to grant Lath summary judgment on that basis. Nor will the court go through BMS's Local Rule 56.1(b) statement paragraph by paragraph to assess the quality of its citations to the record. Rather, the court trusts that in any future statement pursuant to either Local Rule 56.1(a) or (b), BMS will cite the record with adequate precision, i.e., by citing to

specific paragraphs in an affidavit rather than to that affidavit as a whole.

### III. Conclusion

For the reasons described above, Lath's motion for summary judgment on Cause 22 of his first amended complaint, document no. 220, is denied.  Consequently, Lath's motion to strike BMS's surreply, document no. 264, is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 17, 2018

cc:   Counsel and pro se parties of record

12