UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                      Civil No. 16-cv-534-LM
                                             Opinion No. 2018 DNH 146
BMS CAT and Amica
Mutual Insurance Company

**O R D E R**

In document no. 313, defendant BMS CAT seeks leave to file a second amended answer which asserts an affirmative defense that first became available as a result of events that took place after it had filed its first amended answer. Defendant invokes Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Federal Rules"), which provides that, under the circumstances of this case, "[t]he court should freely give leave [to amend] when justice so requires." In lieu of filing an objection to BMS CAT's motion, plaintiff Sanjeev Lath moves to strike defendant's proposed second amended answer on grounds that the corporate disclosure statement that BMS CAT filed, in compliance with Rule 7.1 of the Federal Rules, is defective. See doc. no. 315. Defendant objects. For the reasons that follow, BMS CAT's motion for leave is granted, and Lath's motion to strike is denied.

As noted, Rule 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. Here, it is difficult to see how justice does not require the court to grant BMS CAT leave to file its proposed second amended answer. Lath filed his original complaint on December 15, 2016. In it, he did not assert any claims against BMS CAT. On January 25, 2017, Lath filed, as of right, his First Amended Complaint ("FAC"), which asserts claims arising from conduct that took place after he had filed his original complaint. Some of those claims are based on the manner in which BMS CAT performed its duties under three contracts with Lath in which it agreed to clean and restore possessions that were damaged in a fire at Lath's unit at the Oak Brook Condominium.

In his FAC, Lath alleges that BMS CAT took a number of items from his unit for cleaning, disposed of some, and retained the rest, due to a dispute with him over payment for its services. After trying unsuccessfully to recover his property, Lath asserted a claim for conversion against BMS CAT. BMS CAT filed its answer to Lath's FAC on March 21, 2017. On that same day, BMS CAT filed a disclosure statement, pursuant to Rule 7.1, in which it stated that "BMS Cat Inc. is a subsidiary of BMS Cat Group Inc. [and that] BMS Cat Group Inc. is itself a subsidiary of The BMS Enterprises, Inc." Doc. no. 68 at ¶ 2. BMS CAT

further stated that "[w]hile it does not appear that they were even intended to be a party to this case, BMS Catastrophe Inc. is a subsidiary of Utech Inc. which in turn is also a subsidiary of The BMS Enterprises, Inc." Id. at ¶ 3. On August 17, 2017, with the court's leave, BMS CAT filed its first amended answer.

In the motion now before the court, BMS CAT seeks the court's leave to file a second amended answer. BMS CAT says that in January 2018, it offered to return the property that is the subject of Lath's conversion claim, and that Lath refused to take possession of it. On that basis, BMS CAT wishes to file a second amended answer that asserts failure to mitigate as an affirmative defense to Lath's conversion claim.

Rather than filing an objection to BMS CAT's motion and explaining why justice does not require the court to grant it, see Fed. R. Civ. P. 15(a)(2), Lath has filed a motion to strike BMS CAT's proposed second amended answer. However, rather than relying on any of the grounds listed in Rule 12(f), which pertains to motions to strike, Lath contends that BMS CAT's proposed second amended answer should be stricken because of purported defects in the disclosure statement that BMS CAT filed pursuant to Rule 7.1. Lath appears to have first described those purported defects in a motion for leave to file certain motions, including a "Motion to enter defective corporate

3

disclosure statement by BMS Cat Inc." Doc. no. 291 at 3.[1]

According to Lath:

> BMS Cat in its disclosure statement pursuant to F.R.Civ.P Rule 7.1 identified "UTech" as the parent company. Such a disclosure is incorrect as the true parent company for BMS Cat Inc. is "Steamatic Inc." Defendant BMS Cat in this disclosure statement failed to identify a multitude of other companies that it operates throughout the United States, which may be the parent company of BMS Cat.

Id. (citation to the record omitted).[2] The key assertion in the foregoing paragraph is Lath's assertion that BMS CAT's parent company is Steamatic Inc.

The problem with Lath's motion to strike is that he has identified no authority for the proposition that an error or omission in a Rule 7.1 disclosure statement would give the court grounds to strike a document such as BMS CAT's proposed second amended answer. In his motion to strike, after outlining the

---

[1] Action on Lath's motion for leave was deferred because he did not file it in accordance with the standing procedural order in this case. See Apr. 2, 2018 endorsed order.

[2] BMS CAT did not identify UTech as its parent company; it identified BMS Cat Group Inc. as its parent company, and it identified Utech Inc. as the parent company of BMS Catastrophe. Also, while Lath appears to suggest that BMS CAT was obligated to disclose the companies it operates, it is far from clear that any company that BMS CAT operates could, at the same time, be its parent. A company that BMS CAT operates would appear to be a subsidiary, and Rule 7.1 does not require the disclosure of subsidiaries. Indeed, Lath himself quotes the Advisory Committee notes to Rule 26.1(a) of the Federal Rules of Appellate Procedure, which explain that "disclosure of a party's subsidiaries . . . is ordinarily unnecessary."

4

basis for his belief that Steamatic Inc. is BMS CAT's parent company, Lath cites Rule 37(b)(2)(A)(iii) for the proposition that the court may sanction a party for failing to obey a discovery order by "striking pleadings in whole or in part."

In Lath's view, he is entitled to the relief described in Rule 37(b)(2)(A)(iii) because BMS CAT's failure to provide a truthful corporate disclosure statement, pursuant to Rule 7.1, somehow ran afoul of the court's June 6, 2017, scheduling order which, among other things, set a deadline for BMS CAT to make its mandatory disclosures under Rule 26. Lath, however, seems to conflate the disclosures required by Rule 26 and those required by Rule 7.1. As for the latter, "[t]he corporate disclosure statement [required by Rule 7.1] is not a discovery device in the sense that failure to file ordinarily does not carry sanctions." Bernardi Ortiz v. Cybex Int'l, Inc., Civ. No. 15-2989 (PAD), 2018 WL 2448130, at *6 n.9 (D.P.R. May 30, 2018) (citations omitted). While Bernardi is not directly on point, because it was a case in which a defendant appears not to have filed any Rule 7.1 statement at all, it is sufficient to take the Rule 37(b)(2)(A) sanctions off the table as possible relief for the filing of an erroneous Rule 7.1 disclosure statement.[3]

---

[3] Moreover, even if there were a legal basis for striking a pleading because of a defective Rule 7.1 disclosure statement, it stands to reason that the pleading that should be stricken is

5

Because those sanctions are inapplicable to the circumstances of this case, Lath's motion to strike is necessarily denied.

However, because Lath is appearing pro se, the court is obligated to construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Accordingly, the court will proceed down an alternative path and construe Lath's motion to strike as an objection to BMS CAT's motion for leave to file second amended answer.

When Lath's motion to strike is construed as an objection, the question becomes whether Lath has provided the court with a reason why justice does not require BMS CAT's motion for leave to be granted. Even if the court were to accept the proposition that the filing of an erroneous Rule 7.1 disclosure statement, in March 2017, somehow disqualified BMS CAT from filing an amended answer in April of 2008, Lath has not shown that BMS CAT filed an erroneous Rule 7.1 statement.

While Lath identified Steamatic Inc. as a parent of BMS CAT in document no. 291, i.e., his motion for leave, his motion to strike says something a bit different, i.e., that "BMS Cat Inc. of Massachusetts['s] precursor company is Steamatic Inc.," doc. no. 315 at 2 (emphasis added). A "precursor" company is not the

---

the disclosure statement, not some unrelated document such as the proposed second amended answer that Lath asks the court to strike.

same thing as a "parent" company, and there is nothing in the corporate history that Lath recites in his motion that would support a claim that Steamatic Inc. is a parent of BMS CAT. Later on in his motion to strike, Lath backs off even more from his allegation that Steamatic Inc. is BMS CAT's corporate parent:

> It is unclear, for obvious reasons to confuse the researcher, who is the parent corporation of BMS Cat Inc., is it Steamatic Inc or BMS Service Company or BMS Management Inc. or BMS Worldwide LLC?

Id. at 3. On the other hand, in response to Lath's motion to strike, BMS CAT has produced the affidavit of its Treasurer, Robert Smith, in which Smith states:

> Neither Steamatic, Inc., nor any entity with the word Steamatic in its name, has any ownership interest in BMS Cat, Inc., or any of its related entities. The Corporate Disclosure Statement filed by BMS Cat, Inc. in the United States District Court for the District of New Hampshire is accurate.

Doc. no. 324-1 at ¶ 5. Based upon the foregoing, Lath has given the court no reason to conclude that: (1) Steamatic Inc. is BMS CAT's corporate parent; or (2) the content of BMS CAT's Rule 7.1 disclosure statement supports a determination that justice does not require the court grant BMS CAT leave to file a second amended answer to assert its newly applicable affirmative defense.

7

**CONCLUSION**

For the foregoing reasons, BMS CAT's motion for leave to file a second amended answer (document no. 313) is granted, and Lath's motion to strike that pleading (document no. 315) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 17, 2018

cc:  Counsel and Pro Se Party of Record