UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                            Civil No. 16-cv-534-LM
                                                Opinion No. 2018 DNH 147

BMS CAT and Amica Mutual
Insurance Co.

**O R D E R**

In a procedural order dated June 28, 2018, this court lifted a stay it had entered on May 1. Before the court is plaintiff Sanjeev Lath's motion to reconsider the order lifting the stay (doc. no. 332). Defendant BMS CAT objects. In response, Lath has filed a motion for leave to file a reply to BMS CAT's objection. That motion, document no. 335, is granted, and the court has considered Lath's reply in ruling on his motion. For the reasons that follow, Lath's motion to reconsider is granted as to his claims against the City of Manchester ("City") and Gerard Dufresne, but is denied as to his claims against BMS CAT and Amica Mutual Insurance Company ("Amica").

**BACKGROUND**

On April 17, 2018, the court issued an order that: (1) denied Lath's motion for leave to amend his First Amended Complaint ("FAC") to add a claim for municipal liability against the City under the principles enunciated in Monell v. Department

of Social Services, 436 U.S. 658 (1978); and (2) dismissed the City and Dufresne as defendants.  The court dismissed those defendants on grounds that Lath's proposed Monell claim, Cause 1 of his FAC, was the only federal claim he was asserting, which deprived the court of supplemental jurisdiction over his other claims against the City (Causes 2 and 3), and his claim against Dufresne (Cause 17).  See doc. no. 300.  On the same day the court issued its order denying Lath's motion for leave to amend, Lath filed a motion for reconsideration.  Five days later – before any defendant had filed an objection to his motion for reconsideration – Lath filed a notice of appeal with respect to document no. 300 plus seven other interlocutory orders in this case.  See doc. no. 308 at 1-2.  The eight orders that Lath appealed pertained exclusively to his claims against the City and Dufresne; he appealed no order that involved his claims against either BMS CAT or Amica, the two defendants that remained in the case after the court denied Lath's motion for leave to amend his complaint.

On April 30, Lath filed a motion to stay the dismissal of Dufresne, as ordered in document no. 300, and on May 1, the court issued a procedural order staying the entire matter, pending the resolution of Lath's appeal.  In a judgment dated June 14, 2018, the Court of Appeals for the First Circuit

granted a motion to dismiss Lath's appeal, on grounds that "[t]he orders appellant included in his notice of appeal [were] not sufficiently final to allow for appellate review at this time." Doc. no. 329 at 1. On the same day the court of appeals entered its judgment, Lath filed a Notice of Appeal to the United States Supreme Court, document no. 328. On June 29, this court issued a procedural order lifting the stay it had entered on May 1. One day later, Lath filed a motion with the court of appeals, asking it to stay its judgment of June 14.

## DISCUSSION

Lath moves the court to reconsider its procedural order lifting the stay. Under the local rules of this court, "[a] motion to reconsider an interlocutory order of the court . . . shall demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). Lath appears to argue that the court committed an error of law by lifting the stay of this matter before the court of appeals had issued its mandate. To be sure, the Advisory Committee Notes to Rule 41(c) of the Federal Rules of Appellate Procedure provide that "[a] court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." But, at the same time, "[t]he time to file a petition for a writ of certiorari [in the Supreme Court] runs from the date of entry

3

of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." Sup. Ct. R. 13.1.  Here, upon entry of the judgment of the court of appeals, Lath immediately filed his notice of appeal, and while he could have moved at that point to "stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court," Fed. R. App. P. 41(d)(2)(A), he did not do so.  Rather, he moved the court of appeals to stay its judgment only after this court had lifted its stay, and his motion does not appear to "show that the certiorari petition would present a substantial question and that there is good cause for a stay," id.  Given the circumstances of this case and the authority the court cited in its order lifting the stay, see doc. no. 331 at 2, it does not appear that Lath has carried his burden of showing that the court has committed a manifest error of fact or law.  Even so, in light of this case's complicated procedural posture, in deference to Lath's pro se status, and out of an abundance of caution, the court will reinstate the stay in this case until the court of appeals issues a mandate, but only with respect to Lath's claims against the City and Dufresne.

That means that the court will defer ruling on Lath's motion to reconsider its order dismissing the City and Dufresne, consideration of which was cut off by Lath's appeal and the

4

resulting stay.  However, in further deference to Lath's pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (directing district courts to construe pro se pleadings liberally), when the stay is lifted and the court does turn to Lath's motion to reconsider, it will construe that motion as asserting both: (1) the arguments stated therein; and (2) the argument advanced in document no. 332 to the effect that the court erred in its determination that out of Lath's three claims against the City, only Cause 1 asserted a federal claim.  If the court reinstates Cause 1, or if it determines that Cause 2 states a cognizable federal claim, then the court will reinstate Dufresne as a defendant by exercising supplemental jurisdiction over Lath's claims against him.  But, because the court is granting Lath's motion to reconsider as to his claims against the City and Dufresne, the question of whether the City and Dufresne will be reinstated as defendants must wait for another day.

However, while there is a reasonable basis for staying the litigation of Lath's claims against the City and Dufresne until the court of appeals issues a mandate, there is no good reason for staying the litigation of Lath's claims against BMS CAT and Amica.  First of all, none of the eight orders that Lath appealed involve any of his claims against either BMS CAT or

Amica.  Moreover, there is no connection between the conduct underlying the claims against the City and Dufresne, on the one hand, and the conduct underlying the claims against BMS CAT and Amica, on the other.  In document no. 319, which is Lath's objection to a motion filed by BMS CAT, he made several attempts to explain why the litigation of his claims against BMS CAT should be stayed pending the outcome of his appeal, but none of those arguments is persuasive.  BMS CAT and Amica, in turn, have an interest in an expeditious resolution of Lath's claims against them.  On balance, there is no reason why the litigation of Lath's claims against BMS CAT and Amica should be held up until the conclusion of Lath's appeal of eight orders that have nothing to do with BMS CAT and Amica.  See, e.g., Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam) (an interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of control <u>over those aspects of the case involved in the appeal</u>." (emphasis added)).

For those reasons, Lath's motion for reconsideration is granted as to claims against the City and Dufresne, but denied as to the claims against BMS Cat and Amica.  In light of the court's ruling, all that remains are several procedural details

pertaining to the litigation of Lath's claims against BMS CAT and Amica.

On the day that Lath filed his notice of appeal, the deadlines had passed for his compliance with the discovery orders described in document nos. 282, 283, and 292. In addition, he had 15 days left to respond to the court's April 17 show cause order, document no. 302. Thus, Lath shall have 10 days from the date of this order to comply with the discovery orders in document nos. 282, 283, and 292, and he shall have 15 days from the date of this order to comply with the show cause order in document no. 302.

**CONCLUSION**

For the reasons described above: (1) Lath's motion for leave (doc. no. 335) is granted; and (2) his motion for reconsideration (doc. no. 332) is granted as to his claims against the City and Dufresne, but is denied as to his claims against BMS CAT and Amica.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 17, 2018

cc: Counsel and Pro Se Party of Record