```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sanjeev Lath

    v.                                      Civil No. 16-cv-00534-LM
                                              Opinion No. 2020 DNH 035

Amica Mutual Insurance
Company, et al.

## **O R D E R**

Sanjeev Lath, proceeding pro se, brought claims against 17 defendants in 27 counts.  His claims arise from several alleged incidents that occurred while he was a unit owner at the Oak Brook Condominium.  Relevant here, Lath asserted five counts against Amica Mutual Insurance Company ("Amica") related to Amica's denial of insurance coverage for a fire that occurred at Lath's condominium unit.

Amica moved for summary judgment on all Lath's claims, contesting both liability and damages.  The court denied without prejudice Amica's motion as to damages.  Regarding liability, the court held its ruling in abeyance to allow Lath additional time to file an affidavit or declaration in support of his objection.  The court explained that such a filing must qualify as either a sworn statement or as an unsworn declaration in conformance with 28 U.S.C. § 1746 to constitute competent evidence.  Lath timely submitted a supplemental filing.  The

court will now rule on Amica's motion for summary judgment as to liability based on the record, including Lath's supplemental filing.

**STANDARD OF REVIEW**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, the court construes all facts and reasonable inferences in the light most favorable to the nonmovant. Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108, 115 (1st Cir. 2013).

**BACKGROUND**[1]

On December 15, 2016, a fire occurred at Lath's condominium unit. The next day, Lath provided notice of the fire to Amica, with whom he held a homeowner's insurance policy (the "Policy"). As the court explained in its prior order, the Policy includes an "examination under oath" provision. Doc. no. 405 at 4-5. This provision requires the insured to submit to the insurer's

---

[1] A more comprehensive factual background is laid out in the court's January 30, 2020 order on Amica's motion for summary judgment. Doc. no. 405.

2

reasonable request for an examination under oath as a prerequisite for filing suit against the insurer. Id.

On December 30, 2016, Amica's counsel sent Lath notice by email and regular mail that Amica was electing to take his examination under oath. The examination was scheduled for January 18, 2017, at the law office of Craig and Gatzoulis. Lath responded that same day, stating that he would "not be appearing for an examination under oath." Doc. no. 392-5 at 2. In the same email, he reiterated: "Again, I do not consent and will not consent to such an examination under oath." Id.

On January 3, 2017, Amica's counsel responded to Lath. He referred Lath to the specific provision of the Policy regarding examinations under oath and notified Lath that he had changed the location of the examination in response to Lath's concerns about the prior location. Lath received the January 3 letter but failed to appear for the January 18 examination. As a result, Amica denied Lath's insurance claim. Lath then filed suit against Amica, asserting the following claims: (1) civil conspiracy; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; (4) deception; and (5) invasion of privacy.

Amica moved for summary judgment on all Lath's claims, arguing that Lath's refusal to comply with the examination under oath provision of the Policy precludes him from bringing this

suit.  Lath claimed that he informed Amica that he could not attend the examination on the scheduled date but Amica refused to reschedule.  Specifically, Lath stated that on "January 12, 2019, I requested [Amica's counsel] to reschedule the examination as I was sick, and my request for time off from work, to attend the examination was denied.  I never received any confirmation or follow up on my request to reschedule the examination."[2]  Doc. no. 397-1 at 1.

Lath's statement, however, was unsworn and did not comply with 28 U.S.C. § 1746.  See id.  As such, it was not competent evidence to defeat Amica's summary judgment motion.  See, e.g., Link Treasure Ltd. v. Baby Trend, Inc., 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011); Bayad v. Chambers, No. CIV A 04-10468-PBS, 2005 WL 6431855, at *2 n.9 (D. Mass. Dec. 20, 2005).  Given Lath's pro se status, the court allowed Lath additional time to submit either a sworn statement or an unsworn declaration in compliance with 28 U.S.C. § 1746, supporting his claim that he asked Amica's counsel to reschedule the examination and Amica refused to do so.  In response to the court's order, Lath timely submitted a supplemental filing.

---

[2] Reading this statement in the context of the affidavit, it appears that the date includes a scrivener's error and should read 2017, not 2019.

4

## DISCUSSION

I.  Competency of Supplemental Filing

The court first evaluates whether it can consider Lath's supplemental filing as competent evidence in opposition to entry of summary judgment. Lath's filing states: "I swear under the pains and penalty of perjury that the foregoing statements are true to the best of my knowledge and belief." Doc. no. 406 at 2. It also includes Lath's signature and the date it was executed. Id. This filing is an unsworn declaration in substantially the same form as that required by 28 U.S.C. § 1746(2). This court therefore may consider it as competent evidence in opposition to summary judgment. See Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 689 (1st Cir. 1993).[3]

Lath's unsworn declaration contains the same factual statements as his original "affidavit." Compare doc. no. 397-1, with doc. no. 406. Specifically, Lath asserts that on January 12, he asked Amica's counsel to reschedule the examination but never received any response from Amica regarding his request to reschedule.

---

[3] Lath's filing also appears to qualify as a sworn statement because it is sworn, signed, and notarized.

5

The fact that Lath's affidavit is self-serving does not render it improper summary judgment evidence. A "party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." [Santiago-Ramos v. Centennial P.R. Wireless Corp.](), 217 F.3d 46, 53 (1st Cir. 2000) (internal quotation marks omitted); see also [Harley-Davidson Credit Corp. v. Galvin](), 807 F.3d 407, 413 (1st Cir. 2015). And, although there may be conflicting evidence in the record, the court construes Lath's statement as true for purposes of summary judgment.[4]

II. Merits of Summary Judgment Motion as to Liability

The court next considers whether, given the facts stated in Lath's unsworn declaration, Amica is entitled to summary judgment. Amica asserts that it is entitled to summary judgment because Lath failed to fulfill a condition precedent to this suit—his submission to Amica's reasonable request for an examination under oath. Lath counters that Amica's request was

---

[4] Amica also states in its memorandum in support of its motion for summary judgment, without citing to the record, that Lath did not make any request to change the timing of the examination under oath. Even if the court could credit such a statement at this stage, there would still be a genuine issue of material fact in light of Lath's affidavit.

6

not reasonable because it refused to reschedule the examination to accommodate him.

As explained in the court's prior order, "submission to a reasonable request for an [examination under oath] [is] a condition precedent to filing suit." Krigsman v. Progressive N. Ins. Co., 151 N.H. 643, 648 (2005). "Reasonableness is a fairly low threshold in this context." Lessard v. EMC Ins. Companies, No. 10-CV-302-JL, 2011 WL 3652507, at *4 (D.N.H. Aug. 17, 2011) (internal quotation marks omitted). In this case, however, a rational factfinder viewing the record in the light most favorable to Lath could conclude that Amica's request for an examination under oath was unreasonable in light of its purported failure to accommodate Lath's request to reschedule. See id. (denying insurer's motion for summary judgment based on plaintiff's failure to submit to an examination under oath because whether insurer's lengthy delay in requesting the examination was "reasonable" was a jury question). For this reason, there exists a genuine dispute of material fact about whether Amica's request for Lath's examination under oath was reasonable under the circumstances. Amica is not entitled to summary judgment as to liability.

**CONCLUSION**

For the foregoing reasons, the court denies Amica's motion for summary judgment (doc. no. 391) as to liability on Lath's five claims.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 9, 2020

cc: Pro Se Party and Counsel of Record